# Higdon v. Wayne County Security Company.

### (Decided June 12, 1913.)

### Appeal from Edmonson Circuit Court.

1. **Land—Action for Trespass—Pleading.**—When the petition avers that the plaintiff is the owner of the tract of land in controversy and the defendant by his answer denies this, and alleges that he is the owner of the land, the affirmative matter in the answer is only an affirmative traverse of the allegations of the petition, and no reply is necessary.

2. **Pleading—Denial That Plaintiff is Corporation—Matter in Abatement.**—A denial that the plaintiff is a corporation presents a matter in abatement which should be disposed of in the circuit court, and if that court is not called to pass upon the matter it will not be considered on appeal.

3. **Land—Issue as to Title—When Transfer to Equity Improperly Made.**—The issue as to the title to the land being an ordinary issue on which the other issues in the action depended, the circuit court improperly transferred the action to the equity docket, thus denying to the defendant a trial by jury.

G. W. STONE, CHAS. V. HIGDON for appellant.

M. M. LOGAN, ORA HAZELIP for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

The Wayne County Security Company brought this suit against John Higdon and others. It alleged in its petition that it was a corporation duly organized under the laws of the State of New York and was the owner and in possession of a tract of land in Edmonson County known as the Walker Daniel 1,000 acre survey, described in the petition by metes and bounds; and that it and those under whom it claimed, had been in the actual, adverse and continuous possession of the land for a period of more than fifty years; that the defendants within the last few days before the filing of the petition, well knowing that they had no right to the land, had entered upon it with force and arms, and were unlawfully cutting much valuable timber from the land, and were threatening to cut and would continue to cut the timber unless enjoined by the court that each of the defendants were insolvent; that great and irreparable injury was about to be done it, and that it was without adequate remedy at law. A preliminary injunction was prayed and on final hearing judgment for $500 damages and a

permanent injunction restraining the defendants from trespassing on the land or cutting the timber off of it. John Higdon filed an answer traversing all the allegations of the petition, and alleging affirmatively that he was the owner and in possession of a tract of land described by metes and bounds in his answer, and that he and those under whom he held had been in the actual, adverse, peaceable and continuous possession of this tract of land claiming it to a well defined marked boundary under a claim of right, residing thereon, and having the greater part thereof in actual cultivation for a period of more than fifteen years, and that he had cut no timber on any land not embraced in his own boundary. No reply was filed to the answer. The plaintiff then entered a motion that the court transfer the case to the equity docket to which motion Higdon objected. The court sustained the motion, and transferred the case to the equity docket. Higdon excepted. Thereafter an agreed order was made that the master commissioner sell the timber then cut and lying on the ground. The timber was sold by the commissioner for $116.40 and the commissioner's report of sale was confirmed. On final hearing the circuit court entered judgment in favor of the plaintiffs as prayed in their petition. Higdon appeals.

It is insisted for appellant that judgment should have been entered in favor of Higdon on the pleadings as no reply was filed to his answer. But the allegations of the answer that Higdon owned a certain part of the boundary which the plaintiff alleged it owned, was simply an affirmative traverse of the allegations of the petition, and no reply was necessary. (Scaggs v. Poteet, 22 R., 775; Wheeler v. Davis, 29 R., 731). In Hall v. Mineral Development Co., 31 R., 904, relied on by appellant, there were other allegations in the answer which were admitted by the failure to file a reply.

It is also insisted that as no proof was offered to show that the plaintiff was a corporation, the judgment in its favor upon the merits was erroneous. The denial that the plaintiff is a corporation only put in issue the plaintiff's capacity to sue. This objection, if apparent on the face of the petition, must be taken by demurrer; and if not apparent on the face of the petition, may be made by answer. In either case, if the objection is well taken there would be a defect of proper parties plaintiff. The objection raises a matter in abatement and not in bar of the action; and when it appears that

the objection is well taken, it furnishes a ground for an order of court requiring the additional parties to be made on pain of dismissal without prejudice, but it is not ground for a judgment in bar. The denial that the plaintiff was a corporation being merely a dilatory plea should have been disposed of by the court before the case was tried on the merits, and as the defendant did not ask that it be disposed of by the lower court, he cannot take advantage of it in this court. (Carpenter v. Miles, 17 B. Mon., 475; Vanbuskirk v. Levy, 3 Met., 119).

While neither of the above objections is maintainable, the objection that the court erred in transferring the case to the equity docket over the defendant's objection and exception, is more formidable. When he had objected to the motion and excepted to the ruling of the court, he did all that he could do, and he lost none of his rights by the subsequent proceedings in the case for he had the right, having saved his exception to the ruling of the court, to take his proof and try to win the case in equity to protect himself.

Counsel is in error in concluding that only an equitable issue was involved in the action. The plaintiff alleged title to the land. The defendant denied the plaintiff's title and pleaded title in him to the boundary from which the cutting in question was done. The real question in the case was, had the plaintiff the title to the land? All other matters were incidental to this and this was an ordinary issue. Section 11 of the Code is as follows:

"In an ordinary action properly commenced as such—

"1. If there be several issues, all of which were, before the first day of August, 1851, cognizable in chancery, though none was exclusively so, either party may, by motion, have the case transferred to the equity docket.

"2. Either party may, by motion, have the case transferred to the equity docket for the trial of any issue which, before the said day, was exclusively cognizable in chancery.

"3. If there be an issue which was not cognizable in chancery, and an issue which was exclusively cognizable in chancery, before the said day, the plaintiff may have the former issue tried before the latter be disposed of.

"4. If there be an issue which was not cognizable in chancery and an issue which was cognizable in chancery, but not exclusively so, before the said day, the case shall not be transferred to the equity docket without consent of the parties."

The issue as to the title to the land was not cognizable in equity before August, 1851, and the court was without authority to deprive the defendant of his constitutional right of trial by jury on this ordinary issue. (Smith v. Moberly, 15 B. Mon., 70; Geoghegan v. Ditto, 2 Met., 433; Carter v. Weisenburg, 95 Ky., 135; O'Conner v. Henderson Bridge Co., 95 Ky., 633; Moraneck v. Martineck, 128 Ky., 155).

As the defendant is entitled to a jury trial upon the issue raised by his answer, we refrain from any discussion of the merits of the case. On the return of the case to the circuit court, the plaintiff will be allowed to file such evidence as it may desire showing that it is duly incorporated, and the case will be set down for a jury trial. If the ordinary issue is found in favor of the plaintiff, the court will make such orders as may be proper in the matter of the injunction.

Judgment reversed and cause remanded for further proceedings consistent herewith.