## Hatcher v. Hatcher.

(Decided February 14, 1919.)

### Appeal from Barren Circuit Court.

1. Appeal and Error—Presumption.—On an appeal from a judgment rendered by the chancellor, in the absence of the record showing to the contrary, it will be presumed that the judgment was properly and regularly entered and that the pleadings and testimony supported the judgment.

2. Appeal and Error—New Trial.—In an action for new trial pursuant to sections 518-523 of the Civil Code it is necessary for the plaintiff seeking to vacate the judgment to file a copy of the record with the petition, or set out with sufficient fullness and definiteness facts relative to the judgment sought to be affected as to enable the court to determine whether or not plaintiff is entitled to a new trial.

W. S. SMITH for appellant.

BAIRD & RICHARDSON for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellee, wife of the appellant, filed her suit in the Barren circuit court on July 8, 1911, seeking a divorce from the appellant and asking the custody of her infant children, and alimony in the sum of $2,000.00.

July 15, 1911, the answer of the appellant was filed, in which it is stated he had no defense to make to the petition, and with his answer he filed an agreement entered into between the parties, wherein they agreed upon a settlement of their property rights. It appears that judgment was duly entered in said suit, the prayer of the petition being granted.

October 2, 1916, appellant filed this suit seeking to set aside the judgment rendered in the divorce suit and asking that the appellee be restrained from selling or conveying the land which she received under the previous judgment, and that said land be restored to him. The issues being made up and proof taken the court entered a judgment dismissing plaintiff's petition, and he has appealed.

It is evident that plaintiff is seeking to set aside the judgment in the divorce proceeding under title 12 of the Civil Code, but his petition does not allege facts sufficient to entitle him to the relief he seeks.

It is alleged in the petition that the answer which he signed, and which was filed in the divorce suit, as well as the contract settling the property rights, was prepared by the attorneys for his wife; that he was suffering physically at the time and was not in his right mind; that but for the fraud and deceit practiced upon him in securing the divorce "he would and could have made a good and sufficient defense in said divorce suit." He also alleges that if allowed to tender an answer and produce proof in the divorce suit the plaintiff would not be entitled to either a divorce or alimony, but he nowhere sets up any defense that he might have, nor is there anything in the record to indicate the nature or grounds of any such defense. The only portions of the record in the divorce proceedings before us are the petition, answer and contract.

The claim of the appellant in the present case that the judgment was obtained by fraud, that he was overreached, and that the attorneys for his wife were guilty of unfair practice is not borne out by the record. He alleges that he was not served with summons until after his answer was filed, and knew nothing of the proceedings in the divorce suit because of his mental condition; but a careful reading of his deposition would indicate he had a very clear and vivid recollection of everything that transpired. For example, he testified he had been summoned by the sheriff to come to court; that he went to the county seat with his wife; that they had talked about a settlement of their affairs for several days before they came to the city, and he told her he would settle it according to law. He admits the signature to the contract is his; that the contract was read to him before he signed it; his wife was present at the time; that he got certain

of the property, to which he was entitled under the contract..

The appellant, his wife and the latter's attorney went together to the court room, the court being in session at the time, and the contract was read to the judge in appellant's presence. In this connection appellant admits he was asked the following questions and made the answers indicated: "Q. You and your wife both present and heard it read? A. Yes, sir, that is just what I told you. Q. Was it then that Judge Jones asked you if it was satisfactory? A. Yes, sir. Done told you that. Q. What did you tell Judge Jones there in open court? A. I told him *yes, sir.*"

He testifies that immediately thereafter he went home and he proceeded to take some of the things allotted him under the contract. It is manifest, therefore, that he must have understood thoroughly what he was doing at the time, as he stated in open court.

On an appeal from a judgment rendered by the chancellor, in the absence of the record showing to the contrary, this court will presume that the judgment was properly and regularly entered, and that the pleadings and the testimony support the judgment.

A party seeking a new trial, under sections 518-523 of the Civil Code, must comply with the provisions thereof, and we have written on numerous occasions that unless he does so he has no standing in court.

In Noe v. Davis, et al., 171 Ky. 482, it is said: "The judgment sought to be vacated, and the proceedings in the action in which the judgment was rendered must be fully set out, or the record made a part of the petition. It has been held in a number of cases, that regularly the record in the action in which the judgment sought to be set aside was rendered, should be made a part of the petition for a new trial. An action for a new trial, in pursuance to sections 518, 519 and 520, of the Civil Code, is a new and independent action, and nothing is brought by it to the attention of the court except what is contained in the pleadings. Section 521 provides that the judgment shall not be set aside until it is adjudged that the plaintiff has a valid defense to the action in which the judgment was rendered. It is apparent that it would be idle to set aside a judgment and grant a new trial upon the application of a defendant, unless he had a valid defense to the action in which the judgment was rendered. Hence, it is necessary to set out in

the petition for a new trial all the proceedings and the issues, that the court may be able to tell whether the proposed defense plead in the petition will constitute a valid defense to the matters plead in the action in which the judgment sought to be vacated was recovered. Louisville Tobacco Warehouse Co. v. Wood & Bumgardner, 26 R. 769; Rice v. Wyatt, 25 R. 1060; Weir v. Weir, 19 R. 2005; Overstreet v. Brown, 23 R. 317; Johnson v. Carter, 23 R. 596; Flint v. I. C. R. R. Co., 97 S. W. 736.''

The rule requiring the record to be made a part of the petition has been modified to a certain extent. For instance, in Smith v. Chapman, 153 Ky. 70, the court held that every material fact necessary for the advice and enlightenment of the court having been complied with, the petition stating facts with reference to the judgment sought to be affected with sufficient fullness and definiteness to enable the court to determine whether or not there has been a miscarriage of justice, because of casualty or misfortune, which prevented the complaining party from producing his evidence or properly presenting his case, this was a sufficient compliance with the provisions of the Code. Says the court: ''If the court can be advised of the issue tried and shown that the newly discovered evidence, had it been introduced, would most likely have produced a different result, the ends of the law are satisfied and the complainant should not be put to the expense of making the whole of the old record a part of his pleadings. The tendency of courts is toward the simplification of pleadings, and if the requirements of the case can be complied with, without making the record in the old suit a part of the new, it is a commendable practice not to do so.'' The ruling in this case was approved in National Concrete Con. Co. v. Duvall, 153 Ky. 394, wherein we find this language: ''The facts averred brought clearly to the attention of the court the grounds upon which a new trial was sought and set out with sufficient elaboration and certainty the record and proceedings in the former trial to enable the court to determine from an inspection of the petition the grounds upon which the new trial was asked, and to decide whether the newly discovered evidence, if it has been introduced on the trial, would have certainly affected the result. Every fact developed in the old case essential to an understanding of the single issue upon which a new trial was sought, was set out, and the remainder of the

old record would have been a needless and expensive encumbrance.''

The record before us does not comply with the rule as thus modified. Finding no error in the judgment of the lower court same is accordingly affirmed.