## Nicely, et al. v. Hickman, et al.

(Decided May 21, 1920.)

### Appeal from Daviess Circuit Court.

1. New Trial—Actions for New Trial—Filing Record With Petition. —In a suit under section 518 of the Civil Code for a new trial the entire record should be filed with the petition, unless the facts are set out with sufficient detail and definiteness to enable the court to determine whether plaintiff is entitled to the relief sought.

2. Judgment—Vacating for Fraud.—An agreed judgment obtained by fraud may be vacated if facts are shown authorizing such order.

3. Drains—Proceedings for Establishment—Notice.—In a proceeding to establish a drainage ditch persons properly before the court are chargeable with notice of all subsequent steps taken in the proceedings.

4. Trial—When Parties Presumed to be Attending to Cases.—When duly summoned parties are presumed to be in court attending to their cases, either in person or by counsel, and are bound to take notice of the steps taken and separate notice of each motion or step is not necessary.

5. Drains—Parties Properly Before Court—Effect.—Under the drainage act of 1912 parties properly before the court are deemed before the court for all purposes and are bound by all orders, judgments and proceedings in the case not excepted to or appealed from.

T. F. BIRKHEAD and CLEMENTS & CLEMENTS for appellants.

AUD & HIGDON, LOUIS IGLEHART and J. R. HAYS for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellee Hickman and others petitioned the county court to establish a drainage district in the Panther creek valley. A cost bond was executed, viewers and an engineer appointed and process issued. A favorable report was filed by the viewers, the report was confirmed and the establishment of the ditch and a classification of the land ordered. Process was issued on the viewers' preliminary report against approximately one thousand persons affected by the construction of the ditch. Exceptions filed by various persons were sustained by the county court, it being recited in said order that:

"Pursuant to an agreement between all the parties to this proceeding it is adjudged by the court that the said exceptions of the said exceptors mentioned above be, and the same are now sustained to the extent hereinafter specified. . . ."

By the petition in this case it was sought to set aside these orders of the county court. The action was brought under two subsections of section 518, Civil Code, authorizing the modification or vacation of judgments after the expiration of the term when rendered, viz.: (4) For fraud practiced by the successful party in obtaining the judgment and, (7) for unavoidable casualty or misfortune preventing the party from appearing or defending.

Nicely and others alleged that (a) through sickness and misunderstanding they did not know of certain steps taken in the proceedings until within sixty days of the date their petition was filed; (b) more than five hundred persons (including petitioners) affected by the construction did not consent to said order; and (c) the lands of the exceptors were reclassified and placed in a lower grade resulting in a raise of the original assessment against appellants. Thereafter appellants Yewell and others petitioned the court to be permitted to join as parties plaintiff in the action instituted by Nicely, etc. Additional grounds for the relief asked were set forth. The property in the drainage district was divided into ten classes lettered from A to J and ranging in cost from $13.20 to $1.30 per acre. The original estimate of $400,000.00, for the construction of the ditch was revised and the cost placed at something over $600,000.00, resulting in increased assessments ranging from $18.66 for class A to $1.86 for class J, with corresponding increases for the intermediate classes.

Upon appeal to the circuit court demurrers to the petition of Nicely, Yewell and others were sustained and to reverse that order this appeal was taken.

Though many grounds for relief were alleged in the petitions and amendments, only four points are cited in the brief and these in turn can be stated in one proposition, to-wit: the reclassification of exceptors' lands was due to constructive fraud in obtaining the reduction of assessments in their favor which resulted in increased charges against appellants, and of which they had no notice.

In actions under the Code section, *supra,* a copy of the record should be filed with the petition unless the facts are set out with sufficient detail and definiteness to enable the court to determine whether plaintiff is entitled to the relief sought. Noe v. Davis, et al., 171 Ky. 482, 188 S. W. 457; Hatcher v. Hatcher, 183 Ky. 27, 209 S. W. 36.

Plaintiff has not brought the entire record here but a substantial copy thereof and such as authorized us to consider the case on the facts presented, as was done in Davidson v. Kentucky Coal Lands Co., 180 Ky. 121, 201 S. W. 982, where, as here, the case was disposed of on demurrer.

No grounds for a new trial under subsection 7, *supra,* are shown. The pleadings do not sufficiently allege such. Appellants' counsel evidently concede it, as their brief does not discuss the proposition.

An agreed judgment obtained by fraud may be vacated. Commonwealth v. Helm, 163 Ky. 69, 173 S. W. 389. But unless the exceptors were guilty of fraud in convincing the court of the meritoriousness of their exceptions no case is presented under subsection 4 of the aforesaid Code provision.

The increased cost of the ditch from $400,000.00 to $600,000.00 was due to the enhanced value of material and labor and not to the reclassification. The estimate of $400,000.00 was purely tentative. True the change of exceptors' lands from a higher to a lower classification would result in a corresponding increase in the lands of others. We gather from the record that the acreage in each class remained as fixed in the viewers' report. It is not so much that exceptors' lands were improperly reduced as that petitioners' lands were erroneously classified, that appellants complain.

Appellants' chief complaint is they had no notice of the change in the assessments and never consented to the entry of the orders on the exceptions. But they were properly before the court and chargeable with notice of all subsequent steps taken in the proceedings down to and including the entry of the judgment. 29 Cyc. 1116. Due diligence demands a closer attention to the conduct of the court's business than that given by appellants in this instance. When duly summoned parties are presumed to be in court attending to their causes, either in person or by counsel, and so are bound to notice the steps taken. Kohn v. Wagner, 1 Rob. (La.) 275. Especially is this true when a case is active. In stale actions such diligence is not required. It would be preposterous in a proceeding, such as this, with something over a thousand people involved, to require the service of a notice of every step taken. Some suits would be almost indeterminable if such was the rule. Though the viewers' report was filed December 30, 1916, many sessions of the county court were held and orders in the proceedings entered before the filing of the petition in this case, January 19, 1918.

Subsection 49 of the drainage act of 1912, Kentucky Statutes, section 2380, seems conclusive of appellants' case. It provides

"Any party or their privies properly before the court under the Civil Code of Practice shall be deemed to be before the court for all purposes, and shall be bound by all orders, judgments and proceedings in the case not excepted to, or appealed from, in the manner herein provided for."

In the absence of the consent or agreement of the parties there càn be no agreed order. There was no objection to the order sustaining the exceptions and nothing in the record showing the parties did not consent, hence the court did not err in the entry of the said order.

Then, too, this contention has been disposed of by a former decree of this court. Dissatisfied with the judgment sustaining a demurrer to their petition these same parties sought an injunction against the board of drainage commissioners from issuing bonds, carrying out its contracts for the construction of this ditch and from paying certain attorneys' fees. In the opinion reported in 187 Ky. 434, 219 S. W. 1049, Yewell, et al. v. Board of Drainage Commissioners of Daviess County, et al., it was held that appellants were parties to the proceeding

to establish the district, having been personally summoned as well as given notice by publication of every action taken by the court in the proceeding as required by statute. Such being the case it would seem appellants are here without aught upon which to stand.

In the opinion, *supra*, it was said that jurisdiction of the original suit was retained in order to give appellants and other parties an opportunity to be heard upon any objections they might have as to the levying of assessments, etc. "Yet," says the court, "they (appellants) made no objection or filed any exception to any order or judgment entered in that action and no appeal has ever been prosecuted from any judgment entered therein, nor has any final order or judgment in that action been modified or set aside."

The briefs on the present appeal were filed about two months before the opinion was handed down in the injunction case.

We take the further excerpts from said case:

"The opinion in Williams v. Wedding, *supra* (165 Ky. 361, 176 S. W. 1176), is conclusive that appellants were in court and bound by this order, and so much they admit. They were, therefore, it seems to us, bound to take notice of the fact that this was not a final reference to the board of drainage commissioners for all further proceedings, but was just the contrary. By failing to file exceptions to the viewers' report they necessarily waived any objection to matters contained therein and by failing to object or except to the order they also waived any objection thereto in so far at least as the court had power to make such an order."

Again:

"When this report was filed in the proceeding in the county court the court set it forward for exceptions as in the order of January 23, 1917, was provided would be done and gave notice by publication in the manner required by the act for giving additional notice to the parties to the action of a hearing upon the viewers' final report. None of the appellants filed any exceptions to this report and it was confirmed. It is therefore clear that appellants were bound by the orders and judgments which the court entered in that proceeding subsequent to the order of January 23, 1917, unless by that order the court lost jurisdiction of the case. They had full opportunity to be heard therein upon every question which they present in this an independent action as a

reason for enjoining the board from carrying out the orders of the court in the other proceeding.''

Appellants were properly before the court and subject to its orders, nor were they entitled to notice of every step taken in said proceedings.

Finding no error in the judgment appealed from it is accordingly affirmed.