## Coombs Land Company v. Lanier, et al.

(Decided November 29, 1927.)

Appeal from Harlan Circuit Court.

1. Courts.—A rule of court requiring presentation of motions, orders, or judgments in any case pending therein to opposing counsel, where both sides are represented by attorneys of record, before such motion, order, or judgment may be entered by the clerk, held reasonable.

2. New Trial.—Under court rule requiring that, before a judgment should be entered by the clerk, it should be presented to the opposing counsel, petition for a new trial after term, as provided by Civil Code of Practice, section 518, alleging that a default judgment had been entered in violation of such rule, stated a cause of action.

3.    Judgment.—Where, in a suit to remove cloud from title, certain
      defendants alleged, in a petition filed in answer to plaintiff's peti-
      tion, that ownership of the land was in them, such allegation was
      only an affirmative denial of the plaintiff's allegation of ownership,
      and did not entitle defendants to a default judgment, when no
      reply thereto was filed by plaintiff.

LEE & SNYDER for appellant.

C. B. SPICER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

Appellant filed this action for a new trial under section 518 of the Civil Code. The circuit court sustained a general demurrer to the petition. The plaintiff appeals. The facts stated in the petition are these:

The Coombs Land Company had been the owner and in the actual possession of a tract of land in Harlan county for many years before April 20, 1925. Shortly before that date Nathan Osborne and wife executed and delivered to John Hughes a pretended deed to the land, which was the result of fraud and collusion on the part of Hughes and Osborne, and made at a time while the plaintiff was the owner and in the actual possession of the land. Hughes placed the fraudulent deed on record, and when the plaintiff discovered this it filed its petition in equity, No. 5193, on April 20, 1925, in the Harlan circuit court, against John Hughes, Nathan Osborne, and Susan Osborne, his wife, in which action the plaintiff sought to cancel the pretended deed, which cast a cloud upon its title to the land. The defendants were duly summoned to answer the petition, and on August 28, 1925, they filed their joint answer controverting the affirmative allegations of the petition. The answer was not verified, and a rule was awarded against the defendants to verify it. They did not verify the answer until the October term, 1926. Pending this suit to cancel the deed executed by Osborne to Hughes, Bill Lanier and Sam Hitson offered to file their petition to be made parties to the action, setting up that they were the owners of the land in controversy by purchase from John Hughes. This petition was filed in September, 1926. At the October term, and on October 21, 1926, a judgment by default was entered in the action in favor of Lanier and

Hitson. Previous to that time the court had entered the following rule:

> "It being suggested to the court by members of the bar, who unanimously agreed that some inconvenience and confusion had been occasioned, and considerable work and anxiety placed upon members of the bar in keeping track of steps taken in their cases in court, now for the purpose of remedying this condition, and as a rule for the guidance for the clerk of this court in the future, it is ordered by the court that hereafter the clerk of this court will not enter any motion, order, or judgment in any case pending in this court, where both sides are represented by attorneys of record, unless there is some indorsement on such paper offered for entry indicating that it has been submitted to opposing counsel, or a memoranda or indorsement by the judge of this court, directing the clerk to enter such paper without having been submitted to opposing counsel. It is also ordered that the clerk of this court shall file no written motions or pleadings unless and until there has been delivered to the clerk a copy of same for opposing counsel."

It was alleged in the petition for a new trial that, notwithstanding the equity action did not stand for trial at that term, the counsel for the defendants, in deliberate and intentional violation of the above rule, prepared and handed to the clerk of court and had him enter in the order book a judgment purporting to be a default judgment against the plaintiff and in favor of the defendants, because of the alleged failure of the plaintiff to answer the petition of the said defendants, and that this was purposely and intentionally kept secret from the attorneys for the plaintiff, and was not submitted to them at all, nor indorsed by the court or ordered to be entered, as required by the rule; that they were daily in the courthouse, and were present in court on each occasion when the orders were read by the clerk after they had been placed upon the order book, and the judgment which was put on the record in this case was never read by the clerk in open court after it was entered upon the order book, and plaintiff or its attorneys did not discover that it had been entered until the court had finally adjourned. It was further alleged that the clerk used the loose-leaf

system for his order book, and that in the rush of writing up orders the loose leaves were kept in his desk drawers and were not in fact placed in the order book, nor indexed, until after the final adjourning order was signed by the judge of the court, and the plaintiffs and its attorneys could not before this discover the fact that the counsel for the defendants had so wrongfully prepared and had the clerk enter said judgment on the order book. It was further alleged in the petition that the defendants had no legal or equitable interest in the land, and that the whole transaction under which they attempted to recover same was fraudulent; that the plaintiff and those under whom it claimed had been the owners and in the actual possession of the property for a period of more than 25 years; that the defendants were entirely without title, and that the action did not stand for trial at that term of court. The petition for a new trial was filed on November 5, 1926, immediately after the adjournment of the court.

The rule of the court is reasonable and necessary in a court having such a large and congested docket as the Harlan circuit court. Without such a rule, the due administration of justice might often be frustrated when no intention to act wrongfully was intended. The clerk was without authority to enter the judgment in violation of the rule. The judgment having been entered in violation of the rule by the clerk without authority, the demurrer to the petition should have been overruled.

When the petition of Lanier and Hitson was filed as their answer to the petition, their allegation that they were the owners of the land was only an affirmative denial of the plaintiff's allegation that it was the owner, and the defendants were not entitled to judgment in their favor when no reply was filed.

"It is. insisted for appellant that judgment should have been entered in favor of Higdon on the pleadings, as no reply was filed to his answer. But the allegations of the answer that Higdon owned a certain part of the boundary which the plaintiff alleged it owned was simply an affirmative traverse of the allegations of the petition, and no reply was necessary." Higdon v. Wayne County, 154 Ky. 337, 157 S. W. 708.

To same effect, see Grigsby v. Smith, 174 Ky. 829, 192 S. W. 856, and cases cited.

Judgment reversed, and cause remanded for further proceedings consistent herewith.