## McFarland, County Judge, et al. v. Burns, Drainage Commissioner.

(Decided March 28, 1930.)

WILBUR K. MILLER for appellants.

LOUIS I. IGLEHEART and ALBERT B. OBERST for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellants, R. L. McFarland, county judge of Daviess county, B. W. Barrett, Bert Haley, and H. H. Hale, commissioners composing the fiscal court of Daviess county, and Daviess county, brought three actions in the Daviess circuit court against the appellee, S. A. Burns, as drainage commissioner of the county. These three actions were placed upon the common-law docket in the lower court as actions Nos. 19446, 19447, and 19485. The petition in action No. 19446, which is the one involved on this appeal, alleged in substance that there had been constructed in Daviess county a large drainage canal known as the "Panther Creek Ditch," and that in constructing this ditch the agents and servants of the defendant's predecessor in office cut the ditch through and across a public highway of Daviess county known as the Lyddane Bridge road, and constructed across the ditch, at the point where it intersected the road, a steel and concrete bridge which was not sufficiently long to cross the ditch and the abutments of which were not strong enough adequately to support it, and that after its construction the bridge became unsafe and began to slip and settle so that extensive repairs became necessary. Plaintiffs demanded of the defendant that he make the repairs necessary and pay for same from the funds of the drainage district, but he failed and refused to do so. Thereupon the plaintiffs repaired the bridge at a cost of $3,676, for which sum they asked judgment against the Panther Creek drainage district.

· The defendant filed a demurrer to the petition, and before the court ruled thereon he filed an answer which was in two paragraphs. The first paragraph was a traverse. In the second paragraph it was averred that the drainage district had been established many years prior to the filing of the suit and that Daviess county was a party to the proceeding by which the district was established, and that a drainage engineer was appointed by the Daviess county court in that proceeding to do such engineering work as was necessary in the establishment of the drainage district, the construction of the ditch, and the preparation of the plans and specifications for all bridges across the ditch in the drainage district; that the engineer prepared plans and specifications for the bridge to be constructed across the ditch on the Lyddane Bridge road, and that these plans and specifications were made a part of the report filed in the proceeding for the establishment of the drainage district on August 20, 1917; that no exceptions were filed by Daviess county, or any one else, and the report was confirmed. It was further averred that the bridge across the ditch on the Lyddane Bridge road was constructed in accordance with the plans and specifications set out in the drainage engineer's report.

Counsel for appellants has briefed the case on the theory that the lower court overruled a demurrer to the answer and that the appellants declined to plead further and their petitions were dismissed. The record discloses, however, that no demurrer was interposed to the answer, but the court sustained the demurrer to the petition and appellants declined to plead further. Counsel for appellants concedes in his brief that Daviess county was a party to the proceeding by which the drainage district was established, and that the bridge in question was constructed according to the plans and specifications prepared by the drainage engineer and made a part of the report filed in the proceeding. As much may be inferred from the petition, although these facts are not specifically averred therein. However, we shall treat the record as it has been treated by the parties.

The drainage district in question was established under the act of 1912 (chapter 132, page 483, of the Acts of that year), now sections 2380-1 to 2380-50, inclusive of the Kentucky Statutes. Appellants contend that the drainage act does not provide for bridge plans and specifications to be included in any report which is set for

exceptions, and that therefore the inclusion of these plans and specifications in the engineer's report and the setting of that report for exceptions was entirely gratuitous, and the failure of the county to file exceptions thereto does not deprive it of the right attempted to be asserted in this action; and that since the petition alleged that the soil conditions which rendered the bridge plans and specifications insufficient were latent and not discovered until long after time for filing exceptions had expired, the petition stated a good cause of action and the demurrer thereto should have been overruled.

Section 2380-11 reads in part: "When any public ditch, drain or water course, established under the provisions of this act, crosses a public street or highway, the actual cost of constructing the same across the street or highway, or removing old bridges or buildings new ones shall be paid for from the fund of the drainage district." Section 2380-8 provides that the drainage engineer shall make an estimate of the cost of the work and plans and specifications therefor and file the same, together with all maps, profiles, etc., with the county clerk and the same shall be made a part of the record of the proceedings. Section 2380-15 provides that when the viewers' report is fully completed and accepted by the court, a date not less than twenty days thereafter shall be fixed by the court for the final hearing upon the report and notice thereof shall be given by publication. Section 2380-49 provides that: "Any party or their privies properly before the court under the Civil Code of Practice shall be deemed to be before the court for all purposes, and shall be bound by all orders, judgments and proceedings in the case not excepted to or appealed from, in the manner herein provided for. The remedies herein provided for are exclusive of all other remedies. If on appeal or otherwise, or for any cause, any person or property shall be released, or any assessment raised or lowered, it shall in no manner affect the rights or liability of any other property or person, and the failure to appeal within the time herein prescribed shall be a waiver of any right to attack the proceedings."

The drainage act requires that the total cost of the improvement shall be ascertained in order that a correct assessment may be made. The drainage engineer is required to make an estimate of the cost of the work and plans and specifications therefor. As the drainage district is required to pay the actual cost of constructing

bridges over any ditch that crosses a public highway, the drainage engineer must prepare and make a part of his report plans and specifications for such bridges. Such bridges are parts of the improvement, and unless plans and specifications are made there would be no means of arriving at the cost of this part of the improvement. When the county is made a party to the proceeding for the establishment of the drainage district, in which the proposed ditch crosses a public highway, it is incumbent upon it to inspect the reports filed in the proceeding and ascertain whether or not the plans and specifications for any proposed bridge on any public highway are adequate. The purpose of the act is to make the proceedings for the establishment of the drainage district conclusive upon all the parties thereto. All the parties to the proceeding will be bound by the judgment of the court therein as to any question raised or which might or could have been raised. Nicely v. Hickman, 188 Ky. 258, 221 S. W. 566; Nall v. Thomas, 225 Ky. 610, 9 S. W. (2d) 727.

In the instant case the county was a party to the action but failed to file any exceptions to the viewers' final report, and it was confirmed. It had full opportunity to make an investigation and determine whether or not the plans and specifications for the bridge in question were adequate. Having failed to raise the question then, it may not raise it now in this independent action.

Wherefore, we conclude that the lower court did not err in sustaining the demurrer to the petition.

The judgment is affirmed.