## Thacker et al. v. Thacker.

(Decided Oct. 2, 1934.)

E. J. PICKLESIMER for appellants.

W. W. BARRETT for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

The appellants Nathaniel Thacker, Erabelle Thacker, and Keen Thacker filed a petition in the Pike circuit court on July 18, 1932, in which the appellee, Joe

Thacker, Jr., and M. C. Slone were named defendants. The plaintiffs alleged in the petition that they were the owners of a certain described tract of land, and they asked that their title thereto be quieted and that the defendants be enjoined from trespassing thereon. A summons was served on the defendants on July 27, 1932. They failed to interpose any defense, and at the following October term of the Pike circuit court a default judgment was entered granting the plaintiffs the relief sought in their petition.

On November 7, 1932, Joe Thacker, Jr., filed this action to vacate the default judgment. In his petition, after setting out the above facts, he alleged that he is the owner by adverse possession of a part of the tract of land adjudged to the appellants which he described, and he further alleged in substance that the default judgment was entered at the October term of the Pike circuit court which, by order of the court and a resolution of the Pike County Bar Association, had been designated a criminal term of court at which no judgments in civil cases would be entered; that, after summons was served on him, he employed an attorney to represent him, and that his attorney informed him that it would not be necessary to file an answer until the December term of court, as no judgments would be entered at the October term which was a criminal term. The judgment sought to be vacated was copied in full in the petition, but that was the only part of the record which was made a part of the petition. A demurrer to the petition was overruled, and, the defendants having refused to plead further, a judgment was entered vacating the default judgment.

On this appeal it is argued that, in an action to set aside a judgment after the expiration of the term at which it was rendered, the proceedings in the original case must be set out in full or the record made a part of the petition. In some early opinions the rule was broadly stated as requiring the record to be made a part of the petition, but, as pointed out in Hatcher v. Hatcher, 183 Ky. 270, 209 S. W. 36, that rule has been modified to a certain extent. Where a default judgment has been rendered, it is only necessary in a proceeding for a new trial under sections 518-521 of the Civil Code of Practice to allege facts sufficient to show the claim asserted in the original action; that the defendant in that

action has a valid defense, and to enable the court to determine whether or not there has been a miscarriage of justice because of casualty or misfortune which prevented him from presenting his defense. Babb v. First National Bank of Mayfield, 229 Ky. 498, 17 S. W. (2d) 404; Roberts v. Baker, 238 Ky. 337, 38 S. W. (2d) 8; Smith v. Chapman, 153 Ky. 70, 154 S. W. 915. In Nicely v. Hickman, 188 Ky. 258, 221 S. W. 566, 567, it was said:

"In actions under the Code section, supra, a copy of the record should be filed with the petition unless the facts are set out with sufficient detail and definiteness to enable the court to determine whether plaintiff is entitled to the relief sought."

In the instant case the petition sets out in substance the allegations of the petition in the original case. The judgment sought to be vacated is set out in full, and facts are alleged showing a valid defense. This meets the requirements of section 520 of the Civil Code of Practice.

It is argued that section 965-35 of the Statutes makes no distinction between the regular terms of the Pike circuit court, and that the default judgment was properly entered at the October, 1932, term. Section 965-35 (Ky. Stats. Supp. 1933) provides for six regular terms of the Pike circuit court without specifying that criminal cases only shall be tried at one or more of the terms. The Pike circuit court might, however, by an order provide that only criminal cases should be heard at certain regular terms. Coombs Land Company v. Lanier, 222 Ky. 139, 300 S. W. 328. The petition alleged that such an order had been made as to the October term, and, that being true, the entry of the default judgment during the October term was unauthorized, and the defendant was entitled to a vacation of the judgment under section 518, subdivision 7, of the Civil Code of Practice.

The judgment is affirmed.