## Washle v. Security Bank et al.

(Decided Oct. 30, 1936.)

C. MAXWELL BROWN for appellant.

AL M. MARRET for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER— Affirming.

This case is an aftermath of Security Bank v. Zimlich's Executrix et al., 261 Ky. 560, 88 S. W. (2d) 286,

which was an appeal from a judgment of the lower court determining the respective rights of the widow and son of decedent, Leo J. Zimlich, as against claims of creditors. Reference is made thereto for such facts therein related as may have any bearing on the appeal here.

It is enough for us to state that in the suit referred to appellee contended that by reason of her advancements of money to her father and family during his lifetime and to the payments of some of his obligations after his death, she was entitled to have a mortgage executed to her by the father to secure such advancements, to be held valid as against creditors seeking to have it set aside on the ground that it was a preferential conveyance.

In both the lower court and here, appellant seeks to invoke the benefits and advantages of section 518 of the Civil Code of Practice, which provides that:

"The court in which a judgment has been rendered shall have power, after the expiration of the term, to vacate or modify it—* * * [7] For unavoidable casualty or misfortune, preventing the party from appearing or defending."

On November 15, 1935, appellant filed her petition in equity making only the Security Bank defendant. She sets out the judgment rendered on June 14, 1935, by the lower court declaring the conveyance made by her father to her was made when he was insolvent or contemplating insolvency, hence a preference and therefore void. It is then alleged that appellant was "on or about January 1, 1935, and continuously from said date until after July 1, 1935, disabled and incapacitated by illness from attending to her business," that on or about May 4, 1935, she underwent a serious major operation and reiterates that during the continuance of this illness she was rendered incapable of attending court and making defense to this action as pleaded in her answer, and that but for the illness she would have attended court and presented her defense, which it is contended constituted such a casualty or misfortune as is contemplated under the Code, supra.

She then alleges that she has a good and valid defense to the action brought against her by the Security Bank, her defense being that in September, 1929, she entered into an agreement with her father; that in con-

sideration of the advancements of sums of money and the payment of his accounts she would be secured; that acting in accord with the agreement she advanced money and paid bills for him to an amount of more than $3,000, and in furtherance thereof her father executed, for the recited consideration of $2,500 on April 10, 1933, a mortgage on a city lot in Louisville, which was the mortgage invalidated by the lower court in its judgment of June 14, 1935. To this petition the Security Bank filed a general demurrer, which the court appears to have treated as a motion to make the petition more definite, and by amended petiton appellant showed that the money advanced was from September, 1929, to August, 1934, and alleged that the agreement to secure her was not only to cover the amounts furnished her father up to the date of the mortgage, but also such sums as she might advance in continuation of financial assistance to her father.

The bank filed answer which was a general denial, and with the issue thus formed, parties proceeded to take proof and on final submission the lower court dismissed appellant's petition, and from this order appeal is prosecuted.

At the outset we may say that the procedure and practice in this case do not measure up to the requirements in cases where it is sought to vacate or modify a judgment under the section of the Code above quoted, and this question is raised by counsel for appellee. See Babb v. First National Bank of Mayfield, 229 Ky. 498, 17 S. W. (2d) 404; Nicely v. Hickman, 188 Ky. 258, 221 S. W. 566, and the recent case of Thacker et al. v. Thacker, 255 Ky. 523, 75 S. W. (2d) 3.

The case before us does not involve the question of setting aside a default judgment. Here it is shown that the defendant was properly before the court, and in petition affirmatively alleges that, "On June 23, 1934 [almost a year before judgment] she filed her answer in which she set up a good and valid defense to the action brought by the Security Bank against her; that on October 13, 1934, the Security Bank filed a reply to her answer."

Neither the petition in the suit below, the answer, nor the reply, is copied into or made a part of her pleadings, nor does counsel on either side ask that the

appeal in the first case, supra, be made a part of this record, notwithstanding this case was advanced on the ground of its being a second appeal.

However, in view of the seriousness with which appellant now prosecutes her appeal, and the further fact that the court on its own motion has secured the record on the former appeal, we have waived any question of the sufficient compliance with requirements of section 520 of the Civil Code of Practice, and do not directly pass on the objection raised by appellee.

Reviewing the two records in order to ascertain whether or not the appellant is entitled to the equitable relief she sought below, and now seeks, we find that the suit in which the lower court declared contrary to appellant's rights was filed in April, 1933. As said before, the appellant here was a creditor, likewise the holder of one of several attacked mortgages. Appellant was before the court, and as above shown, she filed answer, which she now says set up a "good and valid defense" to the bank's claim. In the absence of a showing or attempt to show to the contrary, it may be and is assumed that her defense was the same as now interposed. If it were otherwise, she would have no standing here, unless it was convincingly shown that through casualty and misfortune she had been prevented from presenting good and valid defense. Moran v. Woodyard, 8 B. Mon. (47 Ky.) 537.

As to the alleged casualty and misfortune which it is claimed prevented appellant from attending court and presenting her defense, there is proof in the record of various disabilities suffered by her at stated times. In May, 1934, appellant had scarlet fever, which kept her confined for four or five weeks, and as a result of the fever had a tonsil operation, which confined her about two weeks. But the main complaint is of disability from January 1st to July, 1935, during which period she underwent a major operation in May, and was unable to attend to any business, though she was not bedfast and could ride out and make visits, and receive visitors.

However, we need not go into further details as to her illness, nor her inability to look after her affairs during the period of such disability as claimed in petition or in proof, in so far as it affects the question here. She admits that she had employed an attorney to look after

her interests, and though he says that he was only employed to file answer, he says that he at all times kept informed as to the progress of the case.

Having in mind that the original suit was filed April 28, 1933, and appellant's answer filed June 23, 1934, we find in the original record that the case was by order of October 26, 1934, referred to the master for report. The first hearing (of which appellant's counsel of record had notice) was on November 5, 1934, with hearings in November and December to the number of six or seven, and further hearings in January and February of 1935. The appellant appeared at the hearings on November 13 and 21, 1934, and February 14, 1935, at which times she testified at length, mainly as to contested claims of her brother and mother, but in some detail as to her claim which was filed with the commissioner. It does not appear anywhere in the record, in so far as we have been able to observe, that any request was made by her, or by any one on her behalf for delay or a continuance of the hearings, because of her inability to be present. We note also that in April 1935, and before judgment was rendered, appellant's husband entered his appearance by answer.

It also develops from a survey of the commissioner's report and the proof taken by him, that appellant's mother and brother, who testified for her in the instant case, were before the commissioner at his sittings and testified at length. They undoubtedly knew then the facts to which they testified in the instant case, and it was upon them and one other witness that she relied mainly, to testify in her defense regarding the transactions between herself and her father.

As we view the whole case, it does not appear that appellant's defense was other than a simple one. There was nothing at all complicated, either in the necessary pleading or proof. There was nothing that could have been done as protective of her rights, between January 1 and July 1, 1935, that could not have been fully accomplished during the latter part of the year 1934. There were no exceptions filed, or offered to be filed by appellant to the commissioner's report of March 22, 1935, and no appeal by this appellant from the court's judgment of June, 1935, confirming that report.

Therefore, on the whole case there appears nothing

upon which this court could predicate a finding that appellant has suffered casualty or misfortune to the extent that would entitle her to the relief sought. It is hardly necessary to quote authorities, but reference may be made to cases which are applicable here. McGuire v. Mishawaka Woolen Mills, 218 Ky. 530, 291 S. W. 747; Cooper v. Douglas, 256 Ky. 787, 77 S. W. (2d) 49; Byron v. Evans, 263 Ky. 49, 91 S. W. (2d) 548.

Being of the conviction that appellant has failed to make a showing of such unavoidable casualty as would warrant us in directing the chancellor to grant a new trial, it becomes unnecessary to determine whether or not the defense presented is or was a valid one.

Judgment affirmed.