## Barber et al. v. Barber.

Dec. 13, 1939.

W. D. Gilliam for appellants.

Noel F. Harper for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

Some months prior to the beginning of this litigation Mabel Barber and Newton Barber, her husband, filed a petition in equity in the Allen circuit court, asking that they be permitted to adopt Opal Clara Barber, infant daughter of the defendants, and that such infant be made their heir at law and capable of inheriting from them and that they be adjudged parental control of her. The defendants filed answer consenting to the adoption whereupon judgment was rendered for plaintiffs in accordance with the prayer of their petition.

Nevada Barber initiated this litigation against Mabel, Newton and Everett Barber by filing her verified

petition in equity asking that the judgment in the adoption suit be set aside and that she be granted a new trial and permitted to file answer therein setting up her defense. Defendants by joint and separate answer traversed the allegations of the petition. After a large volume of evidence had been taken by deposition, much of which was incompetent, irrelevant and had no bearing on the issues, judgment was entered granting to plaintiff all the relief sought by her petition and the defendants are appealing.

As grounds for reversal it is argued in substance (1) that the court erred in rendering judgment for appellee because no part of the record except the judgment in the adoption suit, number 4717, was made a part of the petition or record in this case and (2) that the judgment is flagrantly against the evidence.

The first ground urged for reversal is wholly wanting in merit. So far as the record discloses there was no demurrer to the petition nor any motion to make the petition more definite or specific in any particular. The only reference to a demurrer is in the answer of appellants wherein it is said that the answer is filed without waiving demurrer. If there was in fact a demurrer which is not shown by the record it was not ruled upon by the court and defendants by permitting the trial to proceed to judgment without insisting upon the demurrer, if any there was, waived it. Furthermore, the judgment in action 4717 is set out in full in the petition and the plaintiff asked that the record in that case be made a part of her petition. Apparently it was made a part of the record or was considered by the court since in the judgment it is recited that the cause was submitted upon pleadings, exhibits and evidence and there were no other exhibits. Not only so, but the petition shows that there was only a petition and answer in action 4717 and discloses the nature and character of those pleadings. This met all requirements of Section 520 of the Code of Civil Practice relating to petitions in actions of this character. See Thacker et al. v. Thacker, 255 Ky. 523, 75 S. W. (2d) 3.

The petition alleges in substance that the judgment was procured through fraud practiced upon appellee by appellants in representing to her that the only purpose of the adoption proceedings was to permit her infant daughter to become an heir of Mabel and Newton Bar-

ber and to share equally with Everett Barber and a sister in the estate of Mabel and Newton Barber and that it would not in any way interfere with her right to custody or control of the child; that these fraudulent representations were a part of a conspiracy between appellants to secure custody and control of the child and then to set appellee adrift. The petition also discloses the nature of the defense that will be made if appellee be granted a new trial.

It is our view that the petition conforms to the requirements of the Code and former holdings of this court respecting pleadings of this character. Appellee and her husband lived with the parents of the latter and some months before her baby was born left the home of the Barbers and went back to her former home with Ol King and wife who lived nearby. She testified that this was brought about by mistreatment by her mother-in-law and her husband. She brought a suit for divorce and alimony but there is evidence that the Barbers had friends to intercede with her and persuade her to abandon the suit and return to her husband. Appellee testified that she was induced to sign some sort of paper consenting that Mabel and Newton Barber might adopt the child on the representation that the only purpose was to provide for her and permit her to inherit from its grandparents; that she was assured that she would continue to have a home with the Barbers and that her relation to the child would be the same as it always was; that if she had known or been advised that she was giving up the custody of her child she would not have consented to the adoption or signed the agreement. According to her evidence everything went fairly well until the child no longer needed the nurture of her breast and she was then virtually driven from the home of her husband and mother-in-law. In this she is corroborated by other witnesses and by proven facts and circumstances; however, her evidence is contradicted by that of appellants and there is also evidence tending to corroborate their statements.

We deem it unnecessary to discuss at length the evidence with its many sordid details; it is sufficient to say that notwithstanding a conflict there is ample substantial evidence to support the allegations of the petition and to sustain the finding and judgment of the chancellor. To say the least, the evidence for appellants is not of such weight and dignity as to raise more than a

doubt concerning the correctness of the judgment, therefore in either state of case, the court following well established rules would not be authorized to disturb the chancellor's finding.

Judgment affirmed.