CASE 52—PETITION EQUITY—SEPTEMBER 23.

# Pell vs. Cole.

APPEAL FROM M'CRACKEN EQUITY AND CRIMINAL COURT.

1. A married woman is not permitted, except by order of a court of equity, to incumber her separate property by debt or otherwise. (18 *B. Mon.*, 306.)

2. The word "necessaries," used in section 1, article 2, chapter 47, of the Revised Statutes, should receive a liberal construction, and be held to embrace such things as the family, including the husband—considering its social position and the estate of the wife—ought to have and enjoy. (17 *B. Mon.*, 556.)   But where it is not alleged in the petition against husband and wife that the addition to her dwelling-house, for which the note sued on was executed by them, was necessary for the comfort or shelter of the family, nor made to appear that such an outlay comported with the position of the parties or the estate of the wife, her general estate cannot be subjected to its payment.

3. An action was brought against husband and wife upon a note executed by them after marriage for work and labor done in building an addition to a dwelling-house situated upon her land, to enforce a mechanic's lien upon the property.   It appeared that the husband was insolvent, that the only estate the wife had was a tract of about 80 acres of land, worth about $1,500, upon which a house had been recently erected by contract with her alone, and paid for at a cost of $1,275; and it was not shown that she procured the construction of the addition, or that it was essential to the comfort or shelter of the family.   *Held*—That the consideration of the note sued on was not *necessaries*, within the meaning of the law, for which the wife could render her general estate liable.

4. The mechanic's lien cannot be created upon the estate of the wife by the husband. (12 *B. Mon.*, 91.)

JAMES HARLAN, for appellant, cited *Rev. Stat.*, *p.* 199, *secs.* 20, 22; *Ib.*, *p.* 388.

JUDGE STITES DELIVERED THE OPINION OF THE COURT:

This was an action brought by Cole against Pell and wife upon a note for $300, executed by them after marriage, for

work and labor done in building an addition to a dwelling-house situated upon land belonging to the wife.

The plaintiff asserted and sought to enforce a mechanic's lien upon the property for the payment of his debt.

The defendants resisted the relief, upon the ground that the work was so defective as to be valueless; and the wife likewise relied upon her coverture, and denied the plaintiff's right to subject her property to the payment of her husband's debt.

The chancellor, upon hearing, rendered a judgment *in personam* against the husband, and subjected the wife's land to the payment of the demand.

From that judgment the wife has appealed, and the main question to be decided is, whether her property was rightfully subjected.

If the land in question were separate estate of the wife, no doubt could exist as to its exemption from a liability incurred as this was; because, by the Revised Statutes, (*chap.* 47, *sec.* 17, *p.* 395,) a married woman is not permitted, except by order of a court of equity, to incumber her separate property by debt or otherwise. This was expressly settled in *Daniel vs. Robinson*, (18 *B. Mon.*, 306.)

But, as by the terms of the deed the wife is invested with a general estate in the land, it is claimed that she has the right to charge it in the manner and for the purpose prescribed by the Revised Statutes. (*Chap.* 47, *art.* 2, *sec.* 1, *p.* 387.)

It is contended that the debt was contracted for necessaries within the meaning of the section last referred to, and having been evidenced by writing, that it is obligatory upon the wife, and operates as a charge upon her general estate.

As already said by this court in a case involving the meaning and effect of the word "necessaries" used in the section under consideration, it should receive a liberal construction, and be held to embrace such things as the family, including the husband—considering its social position and the estate of the wife—ought to have and enjoy. (17 *B. Mon.*, 556.)

But even this liberal interpretation of the act will not, it seems to us, embrace the present case.

It is not alleged in the petition that the addition to the house was necessary for the comfort or shelter of the family, nor

does it appear that such an outlay comported with the position of the parties or the estate of the wife.

The facts show that the husband was insolvent; and the only estate which the wife had, so far as appears from the record, was a tract of about eighty acres of land, for which $1,500 had been paid in 1857. Upon this land a house had been recently erected at an expense of $1,275, by contract with the wife alone, which had been paid for, and there is no evidence that she procured the construction of the addition, or that it was essential for the comfort or shelter of the family.

It seems to us, therefore, that the plaintiff failed to show that the consideration of the note sued on was a necessary within the meaning of the law for which the wife could render her estate liable. And, inasmuch as the mechanic's lien could not be created upon the wife's estate by the husband, (12 *B. Mon.*, 91,) it results that the judgment against her land was erroneous and must be reversed.

This conclusion obviates the necessity of inquiring as to the defectiveness of the work—the other ground of defense.

Wherefore, the judgment subjecting Mrs. Pell's land to the payment of the debt is *reversed*, and cause remanded with directions to dismiss the petition as to her.