•CASE 36—PETITION EQUITY—SEPTEMBER 21.

# Roberts v. Riggs & Smith.

APPEAL FROM CAMPBELL CHANCERY COURT.

1. THE RELEASE OR WAIVER OF THE HOMESTEAD EXEMPTION, TO BE VALID AS AGAINST A MECHANIC'S LIEN, for *additional* improve-ments, must be in writing, "subscribed by the defendant and his wife, and acknowledged and recorded in the same manner as con-veyances of real estate;" otherwise the lien of the mechanic is subordinate to the right of homestead. The mechanic's lien has the preference, however, where the lot was vacant when the mechanic entered upon it to make the improvement, and the improvement created the homestead.

2. To ENTITLE A MECHANIC TO A LIEN UPON THE GENERAL ESTATE OF A MARRIED WOMAN for improvements thereon, he must allege that the improvement was necessary for the comfort of the wife and her family.

CHAS. J. HELM FOR APPELLANTS.

1. The petition should have alleged that the improvement was nec-essary for the comfort or shelter of the wife or her family.

Roberts v. Riggs & Smith.

(Gen. Stats., chap. 52, art. 2, sec. 2; Pell v. Cole, 2 Met., 252; Harris v. Dale & Co., 5 Bush, 61; Gatewood v. Bryan, 7 Bush, 509.)

2. The defendants' claim to a homestead is superior to the mechanic's· lien claimed by plaintiffs, the *original* improvements having been erected prior to the creation of plaintiff's debt. (Gen. Stats., chap. 38, art. 13, sec. 16.)

3. The plaintiff's reply, which was filed in vacation, is not a part. of the record, as it is not identified by a bill of exceptions or by order of court.   (Young, McDonald & Co. v. Bennett, &c., 7 Bush, 474.)

4. A general plea of fraud is good without stating the particulars of the fraud. It was, therefore, sufficient for defendants to plead that "the acceptance of the house mentioned in plaintiff's petition was obtained from them by fraud." (1 Chitty, 553; Sharp v. White, 1 J. J. Mar., 107; Ross v. Braydon, 2 Dana, 161; Whitehead v. Root, &c., 2 Met., 588; Boyd, &c., v. Smoot, MS. Op., May 30, 1883, 5 Ky. Law Rep., 119; Evans v. Stone, 80 Ky., 78.

NELSON & WASHINGTON for appellee.

The lien of a mechanic upon a house which he has *built* is superior· to the owner's claim of homestead.    (Gen. Stats., chap. 70, sec. 1; 24 Ohio St., 402, 413; 26 Texas, 309; 44 Texas, 196; Phillips on Mechanic's Liens, sec. 183a; Thompson on Homesteads, sec. 372; Lennen, &c., v. Fitzpatrick, &c., MS. Op., January 22, 1885.)

CHIEF JUSTICE PRYOR delivered the opinion of the court.

We infer from the pleadings and contract in this. case that the lot in controversy belonged to the wife; if so, the petition is fatally defective in not alleging that the improvement on the property was. necessary for the comfort of the wife and her family, as the *feme* by an express statutory provision can not bind her general estate in any other way. There is neither allegation nor proof on the subject.. The case of Pell v. Cole, 2 Met., 252, is directly in point, where this court held it was necessary to· allege that the addition to the house was necessary for the comfort and shelter of the family, etc..

The fact that the wife approved the work and received it can make no difference ; the statute fixes her liability, and by its provisions it must be determined.

Besides, if belonging to the husband and wife jointly, or to either of them, they were living upon the lot at the time this debt was created, and were entitled to a homestead. There is but one way in which this right can be waived, and that is pointed out by the statute, as has been often held by this court. The mechanic has a lien for his labor and improvements, but, like any other lien, if not created in the manner pointed out by the statute, it will not deprive the owner of his right to a homestead.

The release or waiver must be in writing, "signed by the defendant and his wife, and acknowledged and recorded in the same manner as conveyances of real estate." It results, therefore, that the lien of the mechanic is subordinate to the right of homestead, and while he must have pay for his improvements in the event the property belongs to the wife, and the improvement is necessary for her comfort, the value of the homestead must be first set apart as directed by the statute ; and if the property belongs to the husband, the same rule should prevail, except that the necessity for the improvement is not then involved.

This improvement for which the lien is asserted was but an additional building to the house at the time occupied as a homestead, and whether belonging to husband or wife, the right to a homestead has never been parted with. If the husband had

mortgaged the lot (owning it in his own right to secure the mechanic), the lien would exist, but not superior to the claim of homestead, because not released or waived as pointed out by the statute. The right of homestead existed when the mechanic entered upon the lot to make the additional improvement, and while the law gives him a lien, it also gives the owner the right to a homestead over all claims created subsequent to its existence, unless the right is waived in a particular way, or the claim is that of a vendor's lien. If the lot had been vacant, and the appellee had erected a building, thereby creating the homestead, and the owner had removed to it, it would have presented a different question. Then the mechanic's lien would have the preference.

It is not necessary to notice the other questions raised, except to say that the manner of the work was put in issue by the reply, and the trial was, therefore, premature.

The judgments *in rem* and *personam* are both reversed, and cause remanded for proceedings consistent with this opinion.