## Graham, et al. v. Humm, Jr.

(Decided March 18, 1921.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Execution—Liens—Material for Improvements Upon Real Estate.—A judgment creditor for materials furnished to make improvements upon real estate, and who does not secure a lien therefor, as provided by the statute, and has only a personal judgment and obtains an execution thereon has no right superior to any other execution plaintiff.

2. Homestead—Improvements and Repairs.—When one has established a homestead upon lands, by actual occupancy thereon, by himself and family, he does not render his homestead subject to seizure and sale by execution, by making repairs, for after created debts, nor for repairs and improvements made upon the land for

the comfort and enjoyment of his family, unless the improvements increase the value of the homestead to more than $1,000.00.

JOHN O. ARNOLD and J. E. HUTCHINS for appellants.

WILLIAM McKEE DUNCAN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HURT— Affirming.

The appellants, S. P. Graham and E. P. Graham, partners, obtained a personal judgment against the appellee, Alfred Humm, Jr., for the price of certain building materials which they sold and delivered to him, and were used by him in erecting an addition to a dwelling house, upon certain real estate of which he was the owner. In the same action in which the personal judgment was recovered, the appellants sought to have a materialman's lien, for the price of the materials, adjudged and enforced against the lands of the appellee, in satisfaction of the judgment, but upon the 5th day of March, 1918, and at the time the personal judgment was rendered, the court rendered a judgment denying the appellants the lien claimed by them, and so much of their petition as asserted the lien and sought its enforcement was dismissed. This was a final judgment in the action, so far as related to the matters sought in the petition, and so far as any issue was made in regard thereto, by the answer of appellee, and was in fact a termination of the action. Although counsel discuss the soundness of the judgment, denying the lien and dismissing the petition as to it, no appeal has ever been sought or taken from that judgment and hence it can not be before us for review.

Thereafter, the appellants caused an execution of *fieri facias* to be issued upon the personal judgment and to be levied upon certain lands of appellee, and the lands sold in satisfaction of the execution by the sheriff, and the appellants became the purchasers. After the sheriff had returned the execution, satisfied, to the office of the clerk of the court from whence it issued, the appellee entered a motion before the court to quash the levy and sale and the return of the officer thereon, upon the ground, that the lands, which had been levied upon and sold were not subject to the execution, but, were exempt from seizure and sale, under the execution, because they constituted his homestead, he being a *bona fide* housekeeper with a family and in the occupancy of the lands as a homestead, at the time of the issual and levy of the execution.

No objection was made by the appellants to the method of procedure.   They without objection entered their appearance to the motion and the question was heard by the court upon its merits and determined.   The appellants contested appellee's· right of homestead, and the evidence of a large number of witnesses was heard, and on October 9, 1919, the motion of appellee to quash the levy, and sale under the execution was sustained, and it was further adjudged, that the lands were not subject to the execution and, in fact, that appellee was  entitled  to  hold them as exempt from seizure and sale under the execution, as a homestead.   From that judgment this appeal has been prosecuted, and the only question before us is to determine whether the judgment, quashing the levy and sale of the lands under the execution, should be sustained.

The appellants having been adjudged to have no lien of any character upon the land, and only entitled to a judgment, *in personam,* for debt, against appellee, they could have only the same rights as any other execution creditor.   A judgment *in personam* does not create a lien upon the property of a defendant, and an execution of *fieri facias* thereon does not create any lien, until placed for execution, in the hands of an officer who is authorized to execute it, and then only upon such property as is subject to levy under the execution, and hence the exemption rights of an execution defendant are not ordinarily infringed until an attempt is made to take property from him, which is not subject to the execution.   The lands in controversy, are situated in the country, about three miles from Jeffersontown, and consist of less than four acres.   At a time, previous to the year 1909, it consisted of at least two separate tracts or boundaries, and probably three.   In the year 1905, the appellee became the owner of two acres of it by a conveyance to him from his father.   In 1909, the other portions of the lands were conveyed to him by his father, by a deed, which described it as consisting of two boundaries.   One of the boundaries embraced in the latter conveyance, consists of a fraction in excess of one acre, and the other of less than an acre.   The three boundaries lie immediately contiguous to each other and were used as one tract, and it does not appear, that the boundaries were separated from each other by a fence or any other visible object of demarcation.   The dwelling is situated upon the two acre boundary and has been there since previous to the year

1905. The entire three boundaries were appraised as of the value of $600.00, when the sheriff caused them to be appraised, preparatory to the sale made by him. The fact, that before the appellee became the owner of the property, it was described in three boundaries, or the fact, that it may have, before he acquired ownership, been used and held by different proprietors, and in different tracts, is no obstacle to his claiming the entire three boundaries as a homestead, if all were in the aggregate of less value than $1,000.00, lie contiguous to each other, and have been used by the appellee since he became the owner, as one tract, or boundary. Simmons v. Sprigg, 18 K. L. R. 206; Nichols v. Sinnett, 5 K. L. R. 199; Bennett v. Baird, 81 Ky. 554; Rose v. Sweeney, 12 K. L. R. 861; Slaughter v. Karn, 15 K. L. R. 429. The debt for which the personal judgment was rendered and upon which the execution was issued, was created between December 2nd, 1914, and January 7th, 1915, in installments, and the materials, the sale of which to appellee created the debt, were used in repairing the old residence upon the lands, and making an addition of two rooms thereto, for the comfort and convenience of the family of appellee, in their occupation of the property. Section 1702 Ky. Stats. providing for the exemption from sale under an execution, attachment or judgment, of so much land, including the dwelling house and appurtenances of debtors, who are actual *bona fide* housekeepers with families, as shall not exceed one thousand dollars, in value, provides further, that the exemption shall not apply to a sale under an execution, attachment or judgment, "if the debt or liability existed prior to the purchase of the land, or of the erection of the improvements thereon." The appellee having purchased the lands long prior to the creation of the debt, for which the judgment was rendered, and being in the actual occupancy of them, with his family as a homestead, at the time the execution was issued and levied, no contention could be made, that he was not entitled to a homestead in the lands, upon the score of a purchase subsequent to the creation of a debt. Nichols v. Sinnett, 78 Ky. 630; Hensey v. Hensey, 92 Ky. 164; Morehead v. Morehead, 16 R. 34; Holder v. Holder, 120 Ky. 802. The appellants, however, insist, that their debt was created prior to the erection of the improvements upon the land, which were accomplished by the repair of the old residence and the erection of the addition to it, and for that reason the homestead exemption of ap-

pellee does not exist as against their debt. If, however, the appellee had established a homestead upon the land pror to making the debt for the materials, with which the improvements were made, the character of the improvements made were not such as were contemplated by the statute, *supra,* and such as render the property subject to execution for a prior debt. O'Gorman v. Madden, 9 K. L. R. 567; Cowan, etc. v. Evans, 31 K. L. R. 226; Roberts v. Riggs, etc., 84 Ky. 251; Sternberger v. Gowdy, 93 Ky. 146.

One, who has already established a right to a homestead, does not lose the exemption because of repairs upon the property and additions made to it, in order that it may be comfortably enjoyed by him and his family, unless the improvements increase the value of the homestead to an amount in excess of $1,000.00, and where a homestead is already established by occupancy, if a materialman would render the property subject to his debt, for material furnished to make repairs, he must proceed to secure a lien upon it as provided, by the statute, upon that subject. As to whether the appellee had established a homestead upon the land, prior to the creation of the debt and the making of the improvements, was an issue contested warmly, and the evidence was somewhat contradictory, but, the chancellor decided the issue from the evidence, in favor of the appellee, and where the question is purely one of fact, and the evidence such as to leave the mind in doubt, as to the truth, the judgment of the chancellor will not be disturbed.

The judgment is therefore affirmed.