## Hazard Lumber & Supply Company v. Horn et al.

(Decided March 19, 1929.)

WILLIS W. REEVES for appellant.

WOOTTON and WOOTON for appellee Sallie Horn.

W. C. EVERSOLE for Nancy and W. J. Combs.

Opinion of the Court by Commissioner Hobson— Reversing.

Sallie Horn owned 2.7 acres of land in Hazard, Ky. On one side of the tract was the residence in which she and her husband resided with their children. This lot was under mortgage to the bank. In the year 1924 she built three other houses on the property, buying the lumber from the Hazard Lumber & Supply Company. When the houses were completed she owed the supply company $1,096.86, which was a balance on the lumber, and executed to it a promissory note therefor, secured by a mortgage on a part of the property. She did not pay the note, and on October 29, 1926, the supply company brought suit against her and her husband to recover on the note and to enforce its mortgage. A judgment by default was entered on November 23, 1926, for the debt, and also for the sale of the land under the mortgage. The sale was made on February 14, 1927. W. J. Combs bid the debt and costs for the land, but, finding out at the close of the sale that all the land was not included in the sale, declined to give bond on the ground that he had misunderstood what was sold. The commissioner did not report the sale to the court or offer the land again for sale, and on March 3, 1927, the supply company took out an execution on its judgment. The execution was levied by the sheriff on the tract of land owned by Sallie Horn, less the dwelling house lot, which was mortgaged to the bank and which had in the meantime been sold in satisfaction of the mortgage. At the time of this sale Mrs. Horn and her family were living in one of the three new houses above referred to, having moved to it when they sold the original residence.

The sale under the execution was had on April 11. W. J. Combs was the best bidder at $1,312.83, being the amount of the debt, interest, and cost, he, as shown by the sheriff's return, "assuming the mortgage of Jennie Lewis for $220, with interest from date, there being a 20-foot strip extending across the back side of the tract excepted by the purchaser and not sold under this execution, this to remain the property of the defendant." The entire property was appraised at $2,500. The property, less the strip of 20 feet, was appraised at $2,300. W. J. Combs assigned his bid to his wife, Nancy Combs, and she executed bond. The sheriff executed to her a deed for the property and on December 3, 1927, she, upon ten days' notice to the defendant, entered a motion in the

circuit court for writ of possession. Sallie Horn filed her affidavit showing that she was sick and unable to be out of the house; that on December 2 she gave birth to a baby and had continuously since been confined to her bed.

The court on December 13 gave judgment in favor of Nancy Combs for writ of possession, which was issued soon thereafterwards, and under the writ the sheriff placed Nancy Combs in possession of the property. Thereupon, on February 9, 1928, Sallie Horn and her husband brought this action setting out the above proceedings and praying that the judgment and the writ of possession be set aside. The defendants filed answer. The court sustained a demurrer to the answer of the defendants, and, they declining to plead further, entered a judgment canceling and holding for naught the deed executed by the sheriff to Nancy Combs, also the writ of possession which had been awarded Nancy Combs, and also canceling and holding for naught the sale of the property under the execution by the sheriff. The court adjudged Sallie Horn the immediate possession of the property. It adjudged certain liens upon it, including a lien in favor of Nancy Combs for the amount which she had paid under the execution sale, but subject to the homestead rights of Sallie Horn in the property, and he ordered a sale of the property by the commissioner in satisfaction of the liens. At the next term of the court, on motion of one of the parties, the court set aside the judgment entered at the preceding term, and then adjudged the Hazard Lumber & Supply Company a lien on the property for the amount of its debt and cost, with interest at 6 per cent., and entered a judgment for the sale of the property to satisfy this lien and certain others, but subject to the homestead of Sallie Horn in the property, and he also gave judgment against the supply company in favor of Nancy Combs for the amount of her bid with interest, which amount she had paid to the supply company pursuant to her bond executed at the sale. From this judgment the Hazard Lumber & Supply Company appeals.

The deed made by the sheriff to Nancy Combs was clearly unwarranted. The land was incumbered by the mortgage to Jennie Lewis for $220. By section 1709, Kentucky Statutes, it is provided that when the defendant in an execution owns the legal title to land and shall have created a bona fide incumbrance thereon by mortgage, before an execution has created a lien on the same, the interest of the defendant in such property may be

levied on and sold, subject to such incumbrance. Then this follows: "The purchaser at the sale shall acquire a lien on such property for the purchase money, and interest at the rate of ten per centum (10%) per annum from the day of sale until paid, subject to the prior incumbrances." Section 1709, subsec. 1.

The purchaser at such a sale, under the statute, acquires only the lien given by the statute. He does not acquire the property or a right to a deed to the property. The deed executed by the sheriff to Nancy Combs was unwarranted and passed no rights. In addition to this, the property was appraised at $2,300. It did not sell for two-thirds of its appraised value. The fact that the mortgage, added to the purchase money, amounted to two-thirds of the appraised value was entirely immaterial. The purchaser only acquired a lien, and the only thing that the purchaser was entitled to was the enforcement of the lien. In such a case the defendant's right of redemption is not limited to one year. He may redeem at any time until the lien is enforced and the property sold under it. But although the above is true the sale was not void. The sheriff had a right to levy on the property and sell it for the debt. The purchaser acquired a lien under the statute. No reason was shown for setting aside the sale. The purchaser was entitled to every right that the execution plaintiff had by reason of the levy of the execution on the land.

The fact that the commissioner had made a sale of the land under the judgment is relied on to show that the execution sale was invalid. But the rule is well settled that the purchaser, at a judicial sale, acquires no rights until the sale is confirmed by the court. It is the duty of the purchaser when the property is knocked off to him to execute the bond. If he fails to do so the commissioner may, at once, disregard the bid and proceed to sell the property to another bidder. This has often been done, and if the commissioner does not immediately sell, he may, in his discretion, readvertise the property for sale and sell it on another day, entirely disregarding the purchaser who had refused to give bond. Nothing of this sort was done. The commissioner made no report to the court. No sale of the property is made until it is reported to the court and is confirmed by the court. When the attempted sale was not carried out the parties were where they were before the attempted sale was made. The plaintiff might have gone into court and had the commissioner make a

report and then seek to hold the purchaser liable. But he was not required to do this, for as the purchaser had given no bond a personal judgment against the purchaser might be of little value. "We have found no authority, and counsel have cited none, holding that the mere receipt of a bid, even by an officer authorized to sell, becomes ipso facto a binding sale." 35 C. J. p. 39, note 26. To same effect see 16 R. C. L. p. 114, sec. 82.

The purchaser is released when he does not give bond and this is acquiesced in and no proceeding is had to enforce his bid in a reasonable time. 35 C. J. p. 93, sec. 146. In Arnett v. Anderson, 15 S. W. 855, 12 Ky. Law Rep. 897, a delay of 52 days was held not reasonable. Here no action has been taken by any of the parties at any time to enforce the sale.

Section 1702, Kentucky Statutes, which creates the homestead exemption, concludes with these words: "But this exemption shall not apply to sales under execution, attachment or judgment, if the debt or liability existed prior to the purchase of the land, or of the erection of the improvements thereon."

The debt here of the supply company existed prior to the erection of the improvements, for this debt is for the balance due on the lumber that went into the houses. The express language of the statute therefore forbids a homestead exemption to Mrs. Horn against this debt. In Fish v. Hunt, 81 Ky. 585, the court thus stated the reasons for the rule: "It is plain, if the appellee had purchased the land with the improvements upon it, that no homestead would exist as against a prior indebtedness, and, if so, we can not see why the debtor should be permitted to expend his means in making such improvements on land that he had never lived on, or occupied as a homestead, to the injury of creditors whose claims existed prior to the expenditure, and therefore the statute, in express terms, excludes the right to a homestead, not only when the purchase of the land was made after the creation of the debt, but when the improvements were made after the liability was incurred."

Mrs. Horn sold the house and lot she had occupied as a home and then moved to one of the three houses built on the remainder of the property with the lumber furnished by appellant. She could not live on the vacant lot before the house was built, and she cannot hold a homestead therein against its debt, for she can only use the property as a home by living in one of these houses.

Thacker v. Booth, 6 S. W. 460, 9 Ky. Law Rep. 745; Butler v. Davis, 23 S. W. 220, 15 Ky. Law Rep. 273; Robards v. Robards, 85 S. W. 718, 27 Ky. Law Rep. 494. While this rule does not apply to improvements on an existing homestead to make it more comfortable (Graham v. Humm, 191 Ky. 28, 229 S. W. 80), it must apply to a claim of homestead in a house built on a vacant lot. Mrs. Horn therefore was not entitled to a homestead exemption in the land as against this debt. The court erred in adjudging her a homestead exemption therein.

There was no invalidity in the sheriff's sale, and no reason was shown for setting aside the sale. The plaintiff in the execution is in no wise liable to the purchaser. A sale under execution is a sale made by an officer of the law, under the law. His sale is perfect and complete when made. Forman v. Hunt, 3 Dana, 621. The reasons for not holding the plaintiff in the execution liable for what he collects on the sale bond are thus stated by this court in McGhee v. Ellis, 4 Litt. 247 (14 Am. Dec. 124): "Compelled by the refusal of the debtor to do him justice, he barely resorts to the means of coercion which the law furnishes him. Embarrassed and imbecile would be the remedy, if he is construed to warrant all the estate of the debtor which the officer of the law shall seize and sell. The return of the execution satisfied, extinguishes and bars the judgment. In this case, he must be without further remedy. His judgment is discharged at law."

The levy of the execution here was regular. The sale was valid. The purchaser acquired a lien on the property for his money, with interest at 10 per cent., and she must look to the enforcement of her lien and not to the plaintiff in the execution for relief. 23 C. J. p. 780, sec. 836. The court erred in entering any judgment in favor of Nancy Combs against the supply company.

The judgment on the motion for a writ of possession was rendered in a proceeding in which Nancy Combs was the plaintiff and Sallie Horn was the defendant. The supply company was not a party to that action. It is the only appellant on this appeal. A judgment only binds parties and privies. The supply company, being a stranger to that action, cannot rely on that judgment as res judicata. In addition to this, it appears in the record that Sallie Horn was confined on December 2, and was continuously confined to her bed until after the judgment was rendered, and for this reason did not appear and make defense. She brought her action at once to set

aside the judgment, and, on the whole case, the court did not err in setting aside this judgment against her. The ends of justice require that the judgment should be set aside and the parties heard on the merits.

It is suggested that the appeal is taken from the last judgment of the court and that no appeal has been taken from the former judgment rendered in April. But the court by the last judgment set aside the former judgment and then entered a new judgment entirely covering the case. It was unnecessary in appealing from the second judgment to appeal also from the first judgment, which had been set aside. The appeal, under the circumstances, from the last judgment should be regarded as an appeal from the whole action of the court in the case, for the last judgment is the final action of the court. The last judgment is not void, for clearly the supply company was not before the court on the cross-petition of Sallie Horn at the spring term, and other necessary parties to the action were not before the court. The case did not properly stand for trial at that term, and, that judgment being premature, the court had jurisdiction at the next term, on motion, to set it aside. The appeal from the last judgment is all that is necessary to bring before this court the full consideration of the case. On the return of the case to the circuit court the court will enter a judgment adjudging Nancy Combs a lien on the land for her purchase money at the sheriff's sale, with interest at 10 per cent., and also a lien for any mortgage or other lien debt which she has paid, and will determine the priority of the liens and order a sale of the property for their satisfaction. He will also adjudge that Sallie Horn is not entitled to a homestead as against the execution sale lien of Nancy Combs, or against any mortgage debt in which she waived her homestead.

Judgment reversed and cause remanded for a judgment and further proceedings consistent herewith.