## In re LYON.

District Court, E. D. Kentucky. July 15, 1929.

No. 1211.

Roy E. Graves, of Harrodsburg, Ky., for bankrupt.

C. E. Rankin, of Harrodsburg, Ky., for Lee Smock Co.

Nelson D. Rodes, of Danville, Ky., referee.

COCHRAN, District Judge. █ This cause is before me on petition for review filed by Lee Smock Company, a creditor, complaining of an order of the referee holding that the bankrupt is entitled to the sum of $764.84 proceeds of the sale of the farm of the bankrupt in Mercer county in this district, which was his homestead, subject to a mortgage to the Federal Land Bank of Louisville, Ky., on account of such homestead, and refusing to adjudge to the petitioner $632.70 thereof on account of a mechanic's lien asserted by him. The bankrupt was indebted to the petitioner in that sum for material furnished in the improvement of the homestead, and it had perfected its lien in the manner provided in the Kentucky statute. At the time of the furnishing of the materials and for some time prior thereto, such farm had been the homestead of the bankrupt. The sole question presented for determination is whether in this state a mechanic's lien has priority over a homestead exemption where nothing more appears than what has thus been stated.

By section 1702, Kentucky Statutes, it is provided that: "There shall, on all debts or liabilities created or incurred after the first day of June, 1866, be exempt from sale under execution, attachment or judgment, except to foreclose a mortgage given by the owner of a homestead, or for purchase money due therefor," a $1,000.00 homestead, "but this exemption shall not apply to sales under execution, attachment or judgment if the debt or liability existed prior to the purchase of the land, or of the erection of the improvements thereon."

The exemption so provided for is against "all debts or liabilities" without exception other than those stated. A debt or liability for materials furnished in improving an existing homestead is not excepted. By section 1706, Kentucky Statutes, it is provided: "No mortgage, release or waiver of such exemption shall be valid unless the same be in writing, subscribed by the defendant and his wife, and acknowledged and recorded in the same manner as conveyances of real estate."

This provision invalidates any waiver of a homestead exemption given by section 1702, except in the manner therein provided. There was no such waiver in this case. It would seem to follow from this that by the express requirement of the statute the bankrupt is entitled to his exemption as against the petitioner's lien claim. There is nothing in the statute in relation to mechanics' liens against such being the case. On the contrary, that statute recognizes such to be the effect of the homestead exemption statute. Section 2463 not only makes provision as to how a mechanic's and materialman's lien may be obtained, but provides further that the lien shall be superior to any mortgage incumbrance or contract created subsequent to the beginning of the work. It is entirely silent on the subject as to whether it is superior to a homestead exemption. The implication is that it is not.

The Kentucky Court of Appeals held that the homestead exemption has priority in the case of Roberts v. Riggs, 84 Ky. 251, 1 S. W. 431, 432. It was there said: "There is but one way in which this right can be waived, and that is pointed out by the statute, as has been often held by this court. The mechanic has a lien for his labor and improvements, but, like every other lien, if not created in the manner pointed out by the statute, will not deprive the owner of his right to a homestead." And again: "The right of homestead existed when the mechanic entered upon the lot to make the additional improvement, and, while the law gives him a lien, it also gives the owner a right to a homestead over all claims created subsequent to its existence, unless the right is waived in a particular way, or the claim is that of a vendor's lien. If the lot had been vacant, and the appellees had erected a building, thereby creating the homestead, and the owner had removed to it, there would be presented a different question; then the mechanic's lien would have the preference."

There has been nothing said or done in any subsequent case qualifying this decision in the slightest respect. In the case of Sternberger v. Gowdy, 93 Ky. 148, 19 S. W. 186, the claimant had not complied with the statute providing for a materialman's lien. It therefore called for no decision on the question of priority. The question as to whether the statute had been complied with came first for decision, and it being held that it had not, there was no occasion to go further. The court said that it was "sufficient to say" that the statute had not been complied

with, and "therefore, the appellee acquired no right that was superior to the appellant's homestead right." There was no assumption here that if the appellee had complied with the statute his lien would have been prior to the homestead, and no such implication is to be gathered therefrom. In the case of Graham v. Humm, 191 Ky. 28, 229 S. W. 80, 82, no lien was asserted by the plaintiffs. They had brought suit to enforce a lien, in which suit they obtained a personal judgment, but were denied a lien. Thereafter they obtained an execution, which was levied on the homestead, under which a sale was had, at which plaintiffs were the purchasers. The defendant thereupon moved to quash the proceedings on the ground that the premises constituted his homestead and were exempt from sale under the execution, which motion was sustained. The plaintiffs claimed that the homestead was not exempt because the debt was created before the making of the improvements, relying on the provision in the homestead exemption statute that it should not apply "if the debt or liability existed prior to * * * the erection of the improvements thereon." It was held that this provision had application only where there was no homestead in existence at the time of the erection of the improvements, and not where, as there, the homestead was in existence at the time the improvements were made, as had been held in Roberts v. Riggs. The court said: "The appellants, however, insist that their debt was created prior to the erection of the improvements upon the land, which was accomplished by the repair of the old residence and the erection of the addition to it, and for that reason the homestead exemption of appellee does not exist as against their debt. If, however, the appellee had established a homestead upon the land prior to making the debt for the materials with which the improvements were made, the character of the improvements made were not such as were contemplated by the statute, supra, and such as renders the property subject to execution for a prior debt." And again: "One who has already established a right to a homestead does not lose the exemption because of repairs upon the property and additions made to it, in order that it may be comfortably enjoyed by him and his family, unless the improvements increase the value of the homestead to an amount in excess of $1,000; and, where a homestead is already established by occupancy, if a material man would render the property subject to his debt for material furnished to make repairs, he must proceed

to secure a lien upon it as provided by the statute upon that subject."

The implication is not that if he complies with the statute providing for the materialman's lien that that alone in and of itself gives priority over the homestead. The decision in the case of Roberts v. Riggs, where it was expressly held that it did not, was cited in support of the position taken, and it was said in the first clause of the quotation that the exemption existed as against repairs and additions to an existing homestead. [2] It is true that the homestead exemption statute exists as originally enacted, and that there have been a number of changes in the mechanic and materialman lien statute, some of which may be characterized as radical, but none of the changes made indicate intent on the part of the Legislature to repeal or modify the homestead exemption statute in its relation to such lien. Ky. St. Supp. 1928, §§ 2467a1, 2467a2, the Act of March 27, 1926, relied on, contains no such indication. That statute has no application to the sale or mortgage of a homestead which is exempt as against a mechanic or materialman's lien.

It is well not to kick against the pricks, but to bow to the inevitable. It is true that the claim of a mechanic or materialman is meritorious, but he has only himself to blame if he credits a debtor having a homestead without taking the necessary steps to secure himself.

The order of the referee is approved.