## Richmond.

## TOWN OF APPALACHIA V. MAINOUS.

### November 20, 1919.

1. CHAMBERS AND VACATION—*Finality of Judgment—Time of Application to Trial Court to Set Aside Judgment—Case at Bar.*—The instant case was submitted to the judge of the trial court for hearing and decision in vacation, without the intervention of a jury. On the date of the judgment, the judge made and addressed to the clerk of the court a memorandum, which was sufficient to show that the plaintiff in error excepted to the judgment of the court, and that it had ninety days from that date within which to file its bills of exceptions to. rulings which the trial court had made at the hearing. It did not, however, authorize any further objections to be made at any subsequent time. The judgment, when entered, was a final judgment, and the judge of the trial court had no further power over it.

   *Held:* That a motion to set aside the judgment on account of alleged misconduct of the judge, made nearly two months subsequent to the rendition of the judgment, came too late.

2. CHAMBERS AND VACATION—*Judgment at Chambers—Finality.*— A judgment at law entered in vacation stands on the same footing as a final decree entered in a suit in chancery in vacation. Section 3427 of the Code (1904) applies alike to both in this respect.

3. APPEAL AND ERROR—*Weight to which Findings of Judge are Entitled—Conflicting Evidence.*—Where a jury is waived, and all matters of law and fact are submitted to the judge for decision, his judgment is entitled to the same weight as the verdict of a jury, and where the evidence as to the amount of damages is conflicting, the finding of the judge will not be set aside as excessive.

Error to a judgment of the Circuit Court of Wise county, awarding the defendant in error damages for injury to his premises by reason of a change in grade of one of the streets of the town.

*Affirmed.*

The opinion states the case.

*C. R. McCorkle,* for the plaintiff in error.

*Morton & Parker,* for the defendant in error.

Burks, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of Wise county, awarding to the defendant in error $1,500 damages for injury to his premises by reason of a change in the grade of one of the streets of the town.

It is conceded by both parties that the proceedings were regular and in accordance with the statute in such case made and provided, but the plaintiff in error assigns two errors to the proceedings in the trial court. "First: That during the progress of the trial, his honor, the trial judge, had improperly accepted food and entertainment from the defendant; and, secondly, that the judgment was excessive."

Before discussing these assignments, it is proper to give the disclaimer of counsel for the plaintiff in error of any intention to reflect upon the honorable judge of the circuit court, whose integrity is above reproach. They say: "We desire that it be clearly understood at the outset that in raising this point there is no charge, nor even a suggestion, that the honorable trial judge was actuated by any improper motive, and any reflection on his character or integrity is expressly disclaimed."

When the case was called for trial, it was agreed by the parties that all questions of law and fact should be submitted to the judge of the court for hearing and decision in vacation, without the intervention of a jury; and, at a subsequent day, and in the vacation of the court, the judge of the court, after hearing all the evidence of both parties, and after a personal inspection of the premises, rendered

judgment in favor of the defendant in error against the plaintiff in error for the sum of $1,500, with interest from the date of the judgment and for the costs. On the date of the judgment, the judge of the court made and addressed to the clerk of the court the following memorandum:

"It being intimated to the court that the plaintiff desires to present to the Supreme Court of Appeals of Virginia a petition for writ of error to the judgment rendered against the plaintiff, the town of Appalachia, on motion of the plaintiff by its attorney, and by agreement of counsel, it is ordered that the plaintiff shall have ninety days from this date in which to present to the court, or the judge thereof in vacation, its bills of exceptions to the judgment herein rendered, and that no execution issue on this judgment until the expiration of said period of ninety days.

"This 14th day of August, 1918."

[1, 2] This memorandum, made at the time the judgment was entered, was sufficient to show that the plaintiff in error excepted to the judgment of the court, and that it had ninety days from that date within which to file its bills of exceptions to rulings which the trial court had made at the hearing. It did not authorize any other or further objections to be made at any subsequent time. The judgment, when entered, was a final judgment, and the judge of the trial court had no further power over it. He could not hear any further motions in it, nor amend or altar the judgment. His jurisdiction over the cause was exhausted. The case stood on the same footing as a judgment rendered in turn would stand after the adjournment of the court. A judgment at law entered in vacation stands on the same footing as a final decree entered in a suit in chancery in vacation. Section 3427 of the Code (1904) applies alike to both in this respect.

In *Matney* v. *Yates,* 121 Va. 506, 93 S. E. 694, it is said: "One ground of demurrer which was argued against

both the petition and the amended bill was that they both came too late, the court having, as contended, lost control over the cause by entering a final decree in vacation on the 18th day of May, 1915, and that the only recourse, if any, open to the complainants was by application to this court for an appeal. The contention of the complainants in this respect, on the other hand, was that as the decree of May 18, 1915, was a vacation decree, the court had control over it until after the next term, by virtue of the provision of section 3293 of the Code, giving the court 'control' over all proceedings in the office during the preceding vacation. We are of opinion that this section has no application to vacation decrees entered, as this one was, pursuant to provisions of section 3427 of the Code. Such decrees are not within the contemplation of section 3293."

While the plaintiff, therefore, had ninety days after August 14, 1918, the date on which the judgment was rendered, within which to file its bills of exception, the scope of such bills was limited to setting forth exceptions to rulings of the court at the hearing. No further testimony could be offered, no further objections could be made, or exceptions taken, and no alteration or amendment could be made of the judgment. There was no longer any case in court.

It appears from certificate of exception No. 1, copied in the record, that the motion to set aside the judgment on account of the alleged misconduct of the judge was "made and overruled on the 9th day of October, 1918." Without meaning to approve the action of the judge of the trial court or to intimate that he stood on any different footing from a juror under similar conditions, we are of opinion that the motion came too late and cannot be considered, for the reasons hereinbefore stated.

[3] The evidence as to the amount of damages sustained by the defendant in error was of the most con-

flicting nature, and for that reason the assignment of error, that the judgment was excessive, must be overruled. Where a jury is waived and all matters of law and fact are submitted to the judge for decision, his judgment is entitled to the same weight as the verdict of a jury. *Hoster Co.* v. *Stag Hotel Corp.*, 111 Va. 223, 68 S. E. 50.

The foregoing conclusions render it unnecessary to consider other questions argued in the briefs.

For the reasons hereinbefore stated, the judgment of the circuit court will be affirmed.

*Affirmed.*