## Center's Guardian et al. v. Center et al.

## Center v. Center's Guardian et al.

(Decided June 14, 1932.)

LEEBERN ALLEN for appellants Willard Center's guardian and another.

F. T. ALLEN and GRANNIS BACH for appellees G. M. Center and Dr. G. M. Center.

OPINION OF THE COURT BY JUDGE CLAY—Affirming in part and reversing in part.

These two appeals were prosecuted on the same record, and will be considered in one opinion.

C. C. Rose as guardian for Willard Center and others brought this action against G. M. Center, the former guardian of his wards, and Dr. G. M. Center as surety, to recover the sum of $1,870, which it is alleged came into the hands of G. M. Center as guardian, and had not been accounted for. At the following September, 1930, term of the court, G. M. Center, the former guardian, filed an answer denying all the allegations of the petition. At the same term a default judgment was rendered against Dr. G. M. Center, who had been served with process. Thereafter depositions were taken, and on June 17, 1931, which was during vacation, the cause was submitted and a judgment was rendered against G. M. Center for $1,660, and at the same time it was ordered that the judgment theretofore rendered against Dr. G. M. Center, the surety, be credited with the sum of $210. On June 23, 1931, and during vacation, notice was given that on Thursday, June 25, 1931, G. M. Center and Dr. G. M. Center would enter a motion before the judge of the circuit court to set aside the judgment entered on September 11, 1930, against Dr. G. M. Center, and also the judgment rendered on June 17, 1931, against G. M. Center. The ground on which it was sought to set aside the judgment against Dr. G. M. Center was that the answer filed by G. M. Center, the principal in the bond, presented a defense to the entire cause of action, and that the court was without authority to render a judgment against Dr. G. M. Center as surety until the issues were tried as between plaintiff and G. M. Center. The ground on which it was sought to set aside the judgment against G. M. Center was that the judgment was rendered in vacation without notice, and that he had not completed the taking of his evidence. The motion was sustained,

and the two judgments were set aside. From that order the first appeal mentioned in the caption is prosecuted, and from the original judgment against Dr. G. M. Center he has prosecuted a separate appeal.

By virtue of section 964b-1, Kentucky Statutes, Baldwin's 1931 Supplement, all circuit courts other than those of continuous session, and the judge thereof, except in cases where trial by jury is called for, or ordered by the court, may make or direct in vacation or term time at his chambers or at the circuit clerk's office, or at any other place in any county in his district, any order, rule, judgment, or decree in any proceeding, whether at law, or in equity, or on the criminal docket, upon reasonable notice to the parties. We are of the opinion that the circuit court, or the judge thereof, has control over any order, rule, judgment, or decree entered in vacation not only during the vacation, but until the expiration of the succeeding term of court. It follows that the circuit court had control over the judgment rendered during vacation against G. M. Center on June 17, 1931, and as the judgment was entered without notice, and without giving G. M. Center an opportunity to complete his proof, the judge did not abuse a sound discretion in setting the judgment aside.

With respect to Dr. G. M. Center a different situation is presented. The judgment against him was rendered on September 10, 1930, and between that time and June 25, 1931, when the judgment was set aside, two terms of court had intervened. That being true, neither the court nor the judge had the power to set aside the judgment on mere motion, unless it was void. Wickliffe v. Farmers' Bank of Frankfort, 142 Ky. 35, 133 S. W. 966; Bevins v. Ryland, 64 S. W. 752, 23 Ky. Law Rep. 1061; Hazard Lumber & Supply Co. v. Horn, 228 Ky. 554, 15 S. W. (2d) 492. The ground on which the judgment is assailed is that the judgment was rendered against Dr. G. M. Center, the surety, after the filing of the answer by G. M. Center, the principal, which went to the merits of the action. It is the rule that, if a defense be made by one of several defendants which defeats or destroys the cause of action, such defense inures to the benefit of all against whom the cause of action is asserted. General Motors Acceptance Corporation v. Sharp Motor Sales Co., 233 Ky. 290, 25 S. W. (2d) 405. Under this rule there can be no doubt that an answer by the principal in the bond operates for the benefit of the surety, but

where the court has jurisdiction of the parties and the subject matter, a premature judgment rendered against the surety after the filing of an answer by the principal which defeats the cause of action is not void, but erroneous, and therefore subject to correction only by appeal. It follows that the judge was without jurisdiction to set aside the judgment.

However, Dr. G. M. Center has prosecuted an appeal from the original judgment, and the judgment being erroneous for the reason given he is entitled to a reversal.

On the appeal of Willard Center's Guardian et al. v. G. M. Center et al., the judgment is affirmed as to G. M. Center, and reversed as to Dr. G. M. Center; on the appeal of Dr. G. M. Center against Willard, Mabel and Maurine Center's Guardian et al., the judgment is reversed, and the cause remanded for proceedings not inconsistent with this opinion.