## Dorman, Banking Commissioner, et al. v. Wheeler, Judge.

(Decided June 24, 1932.)

B. F. COMBS for petitioners.

C. B. WHEELER, pro se.

OPINION BY CHIEF JUSTICE DIETZMAN.—Granting writ of mandamus.

The petitioners herein are the banking commissioner and the special deputy banking commissioner in charge of the liquidation of the Bank of Wayland. At the time of this bank's closing because of insolvency, there was due it a large number of notes. Later suits were brought by the special deputy banking commissioner in the Floyd circuit court to collect these notes, and in these suits summonses were served upon the various defendants in time to require their appearance at the June, 1932, term of the Floyd circuit court. The respondent is the judge of that court.

Sections 367a-9 and 367a-10 of the Civil Code of Practice provide:

Sec. 367a-9. "The clerk shall docket all actions at law for the first day of the term at which, under the provisions of this act, they stand for trial. On said day the court shall call said docket and enter default judgments where no defense is made. In all such actions where defense is made, the parties shall be deemed to have waived a trial by jury, unless a jury is demanded upon said call, and the court shall then proceed to set such actions down for trial at some convenient day in the term. Unless otherwise directed by the parties, the clerk shall issue subpoenas for witnesses to the first day of the term, and they shall attend at such days as the case in which they are subpoenaed shall be set for trial, and until the same is disposed of by trial or continuance: Provided, however, the court may by rule entered upon its order book direct the clerk to set actions at law for convenient days during the term instead of on the first days of the term, as provided above; and to issue subpoenas to said days, instead of to the first day, as provided above."

Sec. 367a-10. "The clerk shall docket all suits in equity for the first term of court which does not commence less than ten days after the same is filed. On the third day of the term the court shall call the equity appearance docket and enter default judgments where no defense is made: Provided, All parties to the action affected thereby have been summoned; those in the county, ten days before the commencement of the term; those out of the county twenty days before the commencement of the term; and those constructively summoned, thirty days before the commencement of the term."

In accordance with the provisions of the Code above quoted, the special deputy banking commissioner at the time set in the Code provisions duly moved for a default judgment in those cases where the defendants had been served in time and had made no defense. The respondent declined to enter the default judgments requested or any judgment whatever because of the failure of the special deputy banking commissioner to comply with rule 2 of the Floyd circuit court, which reads:

"Except motions specifically required by law to be entered in open court, all motions shall be filed with the clerk in his office, which may be done any day after the convening and before the final adjournment of a regular or special session of court, whether on motion day or not, reasonable notice thereof having been previously given to the adverse party, or his attorney of record, where it can reasonably be done."

The respondent being of the opinion that, as the judge of the Floyd circuit court, he had a right to adopt rules governing the practice in his court, and that a rule requiring reasonable notice to be given the adverse party or his attorney of record, where it could be reasonably done, of all motions, including motions for a default judgment, was a reasonable one, the failure of the special deputy banking commissioner to comply with that rule by giving notice in the cases above mentioned to the adverse party of his intention to ask for a default judgment warranted his refusal to enter any judgment in the cases in question. Thereupon this original suit was brought in this court to compel by mandamus the judge of the Floyd circuit court to enter a judgment in these

cases, either granting the relief sought in the petitions in the various cases or dismissing them. Section 980 of the Statutes in part provides:

"The circuit courts may, from time to time, cause such rules as they may adopt to be certified to the court of appeals, and when this is done, the court of appeals shall take judicial notice thereof, and the same need not be copied into any transcript."

This section of the Statutes recognizes the right of the circuit court to adopt rules to guide the practice therein, which right we have always recognized and upheld. Combs Land Co. v. Lanier, 222 Ky. 139, 300 S. W. 328; Conrad Schopp Fruit Co. v. Bondurant, 134 Ky. 568, 121 S. W. 482. On the other hand, it is likewise settled that, while a circuit court may adopt such rules of practice not in contravention of any rule of law as are deemed necessary to facilitate the progress of business, it cannot adopt any rule of practice, the effect of which is to render nugatory a rule of law the benefit of which either party to the action has a right to claim. Thus in Kennedy & Bros. v. Cunningham, 2 Metc. 538, a rule that all questions of law decided by the court should be reserved without a formal exception taken at the time was held invalid as being in contravention to section 364 of the then Civil Code of Practice (now section 334) requiring a party who objected to a decision of the court to take an exception at the time the decision was made. In Bell v. North, 4 Litt. 133, a rule of practice as to the time of requesting instructions in contravention to the parties' rights under the law as it then stood to request instructions at any time before the case went to the jury was held invalid. See, also, Kennedy's Heirs v. Meredith, 3 Bibb, 465, and Petty v. Wilbur Stock Food Co., 128 Ky. 130, 107 S. W. 699.

Applying these principles to the case before us, we are of the opinion that rule 2 of the Floyd circuit court, in so far as it is applicable to motions for a default judgment made pursuant to sections 367a-9 and 367a-10 of the Civil Code of Practice, is invalid, being in contravention of the rights conferred by those sections and the rule of law therein laid down. The summons itself, coupled with the knowledge of the Code provisions of which the defendant is charged, is notice to him as to when the case will stand for trial, and that, if no defense

632

be made, the adverse party has the right to move for a default judgment. Rule 2 as applied to such a situation destroys all the rights conferred by the Code which flow from the service of the summons, which service under the Code gives to the defendant just the notice which rule 2 requires to be given in addition. It may be as argued by the respondent that a reasonable rule to take care of agreements not to take advantage of the right to a default judgment on the first calling of the case, is unobjectionable; but such a rule should be one requiring such agreements to be in writing and filed with the clerk or one of similar import. At least such a result cannot be obtained by a rule which renders nugatory the effect which the law says a service of the summons, coupled with the provisions of sections 367a-9, 367a-10, of the Civil Code of Practice, produces.

It follows from what we have said that the petitioners are entitled to the writ of mandamus they seek, and judgment will go accordingly.

Whole court sitting.