## Estes v. Woodford.

(Decided Dec. 13, 1932.)

RODNEY HAGGARD and C. F. SPENCER for appellant.

HARVEY T. LISLE and D. L. PENDLETON for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

B. L. Woodford and Joe Tanner were opposing candidates for the office of school trustee, in Becknerville subdistrict, Clark county, Ky., at an election held under section 4426b-1, Ky. Stats., May 2, 1931. Walter Young and Charles Estes were designated and appointed, by the county superintendent, officers to hold the election. They were provided by the county superintendent with poll sheets on which to register the names of the voters and the candidates for whom they voted. They began to hold, and agreeably held, the election until late in the afternoon, when Estes challenged the right of certain voters to vote. As the voters were challenged by Estes, Young, who was acting as clerk of the election, would indicate opposite the

name of the challenged voters that the vote was "questioned." Seemingly he would do this without regarding Estes' comments or remarks, respecting the right of the voter to vote. Estes took offense at the silence of Young, and claims that he ceased to act as an officer of the election. Estes regarded himself as the judge of the right of the challenged voter to vote, and it was his view that Young as clerk should permit his judgment to prevail. Young during the day left the voting room, sometimes leaving the poll sheets, and one or more occasions carrying them with him. No alteration or change in the record of the vote as made by him when the votes were cast is charged to have been made by him or any one during his absence from the voting room. At the close of the polls, Young certified and signed the returns, and requested Estes to affix his signature, which he declined to do. The returns were delivered by Young to the county board of education within five days of the election. This action was filed by Woodford seeking a mandamus to require Estes to sign the returns as certified and signed by Young. The evidence authorized the issuance of the mandamus, and the court did not err in granting it.

This action was practiced, prepared, and tried under section 964b-1 Ky. Statutes, Baldwin's 1932 Supplement, which reads:

> "That all circuit courts of this commonwealth, other than those of continuous session, and the judge thereof, may make or direct in vacation or term time at his chambers or at the circuit clerk's office or at any other place at any county in said district, any order, rule, judgment or decree in any proceeding whether at law or in equity or on the criminal docket upon reasonable notice to the parties, except where trial by jury is called for or ordered by the court."

This section is an amendment of section 1 of the Act of 1928, c. 28. The original section is in this language:

> "That all Circuit Courts of this Commonwealth, sitting in any county containing a city of the second or third class, which are not now Courts of continuous sessions, shall be, on and after January 1, 1929, Courts of continuous sessions, for the trial of cases on the Equity Docket, and for the trial of

all cases on the Common Law Docket, except where trial by jury is called for or ordered by the court, provided however, that no order or judgment shall be made or taken in any case, except on reasonable notice to all parties in interest, or their attorneys, or by agreement."

In City of Owensboro v. Nolan, 242 Ky. 342, 46 S. W. (2d) 490, this court construed section 964b-1 (Ky. Stats. Supp. 1930) as authorizing circuit courts during vacation to make and enter any order, rule, judgment, or decree in any proceeding at law or in equity upon reasonable notice to the parties, except where a trial by jury is called for or ordered by the court.

Section 964b-2 is section 2 of the Act of 1930. It provides that "all regular and special terms of court in any of such courts shall be held as now provided by law, or as may hereafter be provided by law." It was construed in Clapp v. Sandidge, 230 Ky. 594, 20 S. W. (2d) 449. Section 964b-3 is section 3 of the Act of 1930. It reads:

"This Act shall in no wise affect existing laws or those which may hereafter be enacted relative to circuit courts of continuous session."

It must be observed that this section relates exclusively to courts of continuous session. Section 964b-1 authorizes circuit courts, not of continuous session, to make or enter any order, rule, judgment, or decree in any proceeding at law or in equity upon reasonable notice to the parties, except where a trial by jury is called for or ordered by the court. It neither abrogates, alters, changes, modifies, nor supplants sections 367a-1 to 367a-11, inclusive, of the Civil Code of Practice, nor any other section thereof, or any section of the Statutes, controlling a circuit court in regular term, or special term under section 971a-13. The rules of practice and procedure prescribed by these sections of the Code must be adhered to and followed by the parties and the court when proceeding under section 964b-1.

If it is an action at law after 10 days' service of summons, if directed to the county where issued, or 20 days after the service of summons, if directed to any other county (section 367a-2 Civil Code of Practice), or 60 days if constructively summoned, and the defendant not answering as provided by the Code (section 367a-6), except where interlocutory orders are sought

(section 367a-7), it stands for trial at the convenience of the regular judge of the court, where notice has been served under section 964b-1. If it is an action in equity, and the issue has been completed, or should have been completed, 30 days under the provisions of the Code, before the sitting of the court or judge thereof in vacation, it stands for trial, where notice has been served, at the convenience of the regular judge of the court. The parties by agreement or acquiescence, or by failing to make timely objections, may waive these Code provisions. Hardin's Committee et al. v. Shelman et al., 245 Ky. 508, 53 S. W. (2d) 923.

Any interlocutory order authorized by the provisions of the Code may be entered by the court or the judge sitting in the case under section 367a-7, Civil Code of Practice.

If, at the time notice is served requesting a trial, issue has not been formed by the pleadings under the provisions of the Code, but should have been formed thereunder prior to the time of the sitting of the court or the judge thereof, to hear and try the case under section 964b-1, all of the Code provisions apply and control the parties and the court, as if and when the court is in session at a regular term, or a special term thereof under section 971-13. Also the Code provisions relating to the separation of the law and facts, "filing motion and grounds for a new trial," the granting or refusing of a new trial, and the filing of the bill of exceptions, likewise apply and control the parties and the judge sitting in the case, in the same manner, to the same extent as they apply in circuit courts, other than courts of continuous session. In such case it is the duty of the parties and the court to observe these Code provisions, and, if necessary, required, or proper, in the sound discretion of the court or the judge sitting, the court should make such adequate orders as the needs of the case authorize and justify. The parties to the action are entitled to and must observe the provisions of sections 340, 517, 518, 519, 521, 522, 523, 524, and all other related applicable sections in the same manner and for the purposes therein authorized, as a rule, judgment, order, or decree is entered at a regular term, or a special term under section 971b-13. The court or judge sitting in any case as authorized under section 964b-1 is without authority to make or enforce any rule of practice or procedure that nullifies or con-

flicts with the Civil Code of Practice or section 378 of the Statutes. Dorman v. Wheeler, 244 Ky. 628, 51 S. W. (2d) 941. We express no opinion of the language of section 964b-1, in so far as it attempts to authorize the trial of a case in a county other than that in which the action is pending, without an agreement of the parties.

Section 378 of the Statutes and section 390 of the Civil Code of Practice and the construction thereof as heretofore given them by this court in Muncy v. Gibson, 169 Ky. 153, 183 S. W. 464; Johnson v. Com., 80 Ky. 377, Ewell v. Jackson, 129 Ky. 214, 110 S. W. 860, 33 Ky. Law Rep. 673, and Sublett v. Gardner, 144 Ky. 190, 137 S. W. 864, are not affected by section 964b-1. In effect, the court or judge sitting in any case as authorized by section 964b-1 is equivalent to a special term within the meaning of section 971-13.

In the pending case Woodford filed, in open court, motion and grounds for a new trial, during the term of court following the decree which had been theretofore directed in vacation to be entered. We have considered, without determining, that the motion and grounds for a new trial were necessary in an action for a writ of mandamus, and that Woodford was entitled to file his motion and grounds for a new trial tendered on the 14th day of September, 1931, that being the first day of the next succeeding regular term of the circuit court. We have considered and determined the rights of the parties as if the motion and grounds for a new trial were required and properly filed within the time prescribed by sections 342 and 343 of the Civil Code of Practice, and as if the bill of exceptions was required in such case and filed within the time and manner prescribed by section 337 Civil Code of Practice. It should not be deemed that we regard such practice or procedure as a compliance with the Code as we have herein indicated.

With this view the judgment is affirmed.

Whole court sitting.