## Clark County Nat. Bank v. Rowan County Board of Education et al.

(Decided Nov. 19, 1935.)

D. L. PENDLETON and W. B. WHITE for appellant.

W. E. PROCTOR and JAMES CLAY for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The petition of the appellant sought a mandamus to compel members of the Rowan County board of education to pay or provide for the payment of a judgment for $8,000, with interest and costs, rendered against it in favor of the plaintiff. The petition discloses that the case in which the judgment was rendered had been submitted by agreement and tried on its merits, and judgment rendered December 30, 1933, by Judge Prewitt, the regular judge. This was in vacation and the trial was under the provisions of section 964b-1 et seq., of the Statutes (1933 Supp.). At the succeeding regular March, 1934, term, an order was entered reciting that at the first rule day that followed the entry of that judgment, motion and grounds for a new trial had been filed, and also that a motion had been made to set aside and vacate the judgment; that the court (Judge Caudill presiding) sustained the same and set it aside, and the defendant was granted leave to amend its answer and take further testimony. It is averred in the petiton that the judgment of December 30 was final, and the succeeding order setting it aside is void. In this mandamus case Judge Caudill declined to sit because he was interested in a similar case. Judge

Newell, of the Nineteenth judicial district, having been designated as a special judge, overruled the demurrer to the petition, thereby holding the judgment of December 30 to be final, and the order setting it aside as having no effect. Subsequently an answer was filed which, among other defenses, affirmatively set up the validity of the order of March 21, 1934. Hon. J. B. Hannah, having been designated as a special judge to hear the case, carried the demurrer to the answer back to the petition and sustained it, thereby reversing the ruling of Judge Newell. The plaintiff, declining to plead further, suffered the dismissal of its mandamus suit, and brings appeal.

Hence there is presented the construction of section 964b-1 of the Statutes authorizing circuit courts, other than those of continuous session, to make or direct in vacation or term time any rule, judgment, or decree in any proceeding upon reasonable notice to the parties, except where a jury is required. The specific question is whether or not a judgment entered pursuant thereto may be vacated during the subsequent regular term of court.

The statute is indefinite, since it does not specify any time in which a motion for a new trial may thereafter be made. The court was first of the opinion that the common-law rule giving a reasonable time in which to do so should be regarded, and held in Center's Guardian v. Center, 244 Ky. 502, 51 S. W. (2d) 460, that a judgment entered under the act was subject to the control of the court at the next succeeding regular term. However, upon a reconsideration of the statute in Estes v. Woodford, 246 Ky. 485, 55 S. W. (2d) 396, 397, we held that it should be read in connection with all other statutes relating to practice and procedure, and that the effect of acting under its provisions was to hold a special term of court. It was expressly held that the Code provisions as to the time for filing a motion and grounds for a new trial and the granting or refusing a new trial should be observed. The argument that a court sitting under the terms of this act for only a day deprives the litigant of the three days allowed by the Code is met by pointing out that the same condition exists when a judgment is entered on the last day of a regular or ordinary special term. As stated in the Estes opinion, "if necessary, required, or proper,

in the sound discretion of the court or the judge sitting, the court should make such adequate orders as the needs of the case authorize and justify." So the court may allow time in which to file the motion and grounds for a new trial beyond the day on which judgment is rendered.

Under the view that the sitting of the court is equivalent to a special term, all procedural difficulties disappear, and the beneficent effect in expediting and determining causes, which it was the purpose of the act to do, is enjoyed. Otherwise a judgment, though having the effect of disposing of the litigation, would be interlocutory and remain such until the close of the succeeding regular term of court, which in some instances would be several months afterward. We, therefore, adhere to the construction given in Estes v. Woodford, supra, and overrule Center's Guardian v. Center, supra, in so far as it is in conflict.

We may observe that the Virginia Code, sec. 6308 (formerly section 3427), is in general the same as our statute under consideration except that the submission of a cause must be by consent. It is similar in that it provides that "such orders and judgments entered in vacation shall have the same force and effect as if made and entered in term," and in that it makes no provisions as to time in which a reconsideration or new trial should be asked. The statute was construed in Matney v. Yates, 121 Va. 506, 93 S. E. 694, and Appalachia v. Mainous, 126 Va. 419, 101 S. E. 359, 360. It was held in the latter case that a motion made two months after the rendition of a judgment entered under the statute came too late, even though time had been given in which to file a bill of exceptions for appeal, the court saying:

"It did not authorize any other or further objections to be made at any subsequent time. The judgment, when entered, was a final judgment, and the judge of the trial court had no further power over it. He could not hear any further motions in it, nor amend or alter the judgment. His jurisdiction over the cause was exhausted. The case stood on the same footing as a judgment rendered in term would stand after the adjournment of the court. A judgment at law entered in vacation stands on the same footing as a final decree entered in a suit

in chancery in vacation. Section 3427 of the Code (1904) applies alike to both in this respect.''

In the former opinion it was held that a decree entered under the provisions of the statute was final, and that another statute giving the court ''control over all proceedings in the office during the preceding vacation'' had no application.

It follows, therefore, that the court was in error in sustaining the demurrer to the petition and in holding the judgment of December 30, 1933, to have been vacated.

Judgment reversed.

Whole court sitting.

Clay, Chief Justice (dissenting).

The majority opinion holds that a trial judge loses control of an order entered in vacation unless he extends the time for filing motion and grounds for a new trial. It is argued that the situation thus produced is no worse than when a judgment is entered on the last day of a regular or special term. Such reasoning does not appeal to me. I have never reached the point where I was persuaded that we should adopt an unfair rule because of another unfair rule regulated by statute, and over which we had no control. Another argument is that, if the trial court has jurisdiction of its orders entered in vacation, the purpose of the act will be defeated. If that argument be sound, then the right of appeal, which may be prosecuted at any time within two years, should be denied. It must not be overlooked that the purpose of the statute was to give the court power to act in vacation. A vacation is not a term, and there is no basis for construing it as a term. That being true, there is no statute fixing the time during which the court has control of its orders entered in vacation. In the absence of a statute, there is no reason why the court may not adopt a fair and just rule. Litigants' rights should be a matter of law and not of grace. We should have a rule that operates on all litigants alike. The rule of the majority opinion places the litigant at the mercy of the trial court, and sets a trap for the unwary.

Believing that the rule announced in Center's

Guardian v. Center, 244 Ky. 502, 51 S. W. (2d) 460, that orders entered in vacation are within the control of the trial court until the expiration of the next succeeding term, is more consonant with fairness and justice, and should be adhered to, I am impelled to dissent from the majority opinion.