## Hurd v. Laurel County Board of Education et al.

(Decided March 16, 1937.)

WHARTON NOBLE for appellant.

T. H. WEBB and C. R. LUKER for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

Green, Wilkerson, and Krahenbuhl were the school trustees in Liberty District No. 39 in Laurel County. On March 18, 1935, Mrs. Mayme Hurd filed with the county superintendent her application for a position as teacher in that district school, bearing the recommendation of Green and Krahenbuhl. On March 25, Mrs. G. S. Saylor filed her application for the same place, bearing the recommendation of Green and Wilkerson. Although filed later, Mrs. Saylor's recommendation was dated earlier than Mrs. Hurd's. On April 1 Green filed with the county board of education a written withdrawal of his nomination of Mrs. Hurd upon the ground that practically all of the patrons of the school had petitioned him to nominate Mrs. Saylor, the petition being also filed. At the same time Mrs. Saylor filed another nomination of herself by Green and Wilkerson. In May following, Mrs. Saylor was chosen by the board. Thereupon Mrs. Hurd filed suit against the county board of education and Mrs. Saylor,

asking for an injunction requiring recognition of her right to teach the school and to be paid the salary therefor. The court was of opinion that Green having properly withdrawn his previous nomination of Mrs. Hurd, and Mrs. Saylor having the nomination of two of the three trustees, she was entitled to the school, and the petition was dismissed. An appeal was granted.

A few days later the plaintiff filed a motion in the clerk's office that the court set aside and vacate the judgment. One of the grounds was that, since its rendition, she had discovered "that the law is for her in that the trustee of Liberty Subdistrict No. 39, Alfred Krahenbuhl, was the only trustee elected in said subdistrict in the year 1934," and that his nomination of herself had never been withdrawn and the other trustees were without authority to nominate the teacher. The trial was had and the judgment was rendered out of term under the provisions of section 964b-1 of the Statutes. The court had therefore lost jurisdiction of the judgment since no time had been granted for future motion or orders in the case, and he so ruled. Estes v. Woodford, 246 Ky. 485, 55 S. W. (2d) 396; Clark County National Bank v. Rowan County Board of Education, 262 Ky. 153, 89 S. W. (2d) 638.

A short time thereafter Mrs. Hurd filed suit for a new trial under the authority of section 518 of the Civil Code of Practice upon the ground that "because of unavoidable casualties, accident, surprise or misfortune, she could not have by use of ordinary diligence discovered that he was the only trustee and that Wiley Green and Will Wilkerson were not legally trustees, as some of the members of the Court of Appeals of Kentucky, had since the submission of this case for judgment, rendered an opinion construing the law that the trustee elected for or in 1934 was the only trustee who could properly recommend a teacher for his subdistrict, and that the trustees elected under the 'old law' were without authority to make any recomendations."

The evidence in this case was that Green and Wilkerson had been elected trustees previous to 1933 and that Krahenbuhl had received a majority of the ballots cast at the election held in July, 1934. Since the judge and clerk of the election had not signed the ballots, the

board of education deemed his election invalid. But they appointed him to fill the resulting vacancy. The chancellor was of opinion that the petition for the new trial did not show the plaintiff to be entitled to the relief asked, and so adjudged. An appeal is prosecuted from that judgment.

The two appeals have been consolidated.

Under the terms of section 4399-9 of the Statutes, Krahenbuhl alone had the right to nominate the teacher. Morgan County Board of Education v. Elliott, 260 Ky. 672, 86 S. W. (2d) 670; Bowling v. Combs, 266 Ky. 56, 98 S. W. (2d) 51. As he· had nominated Mrs. Hurd, she was entitled to the appointment. But it was not proven that he was chosen in 1934 and that the other trustees were holdovers. We cannot import into the record of the first and original case the facts disclosed in the suit for a new trial. Therefore, under the record, the judgment denying Mrs. Hurd the relief asked was proper.

The right of obtaining a new trial after the term at which it was concluded is limited by the provisions of section 518 of the Civil Code of Practice to the grounds therein described. It cannot be held that the misinterpretation of the law by a party litigant, his counsel, or the court, affords a ground for a new trial under any of those provisions. If that were so, litigation would many times be interminable. The remedy is by appeal. It was a common acceptance of a very ambiguous statute that a majority of the three trustees could name the teachers in their districts, and it was, as the plaintiff maintained; after the judgment rendered against her, that a member of this court, in ruling on a motion for a temporary injunction, first construed the act to be otherwise. The following quoted from Commonwealth v. Fidelity & Columbia Trust Co., 185 Ky. 300, 215· S. W. 42, 44, (where a judgment was rendered under an opinion subsequently overruled), is quite pertinent:

"The unavoidable casualty or misfortune that would authorize the granting of a new trial means some casualty or misfortune growing out of conditions or circumstances that prevented the party or his attorney from doing or having done something that, except for the casualty or misfortune,

would have been done, and it does not include mistakes or errors of judgment growing out of a misconstruction or misunderstanding of the law, whether it be found in the form of statutes or court opinions, or embrace the failure of parties or counsel through mistake to avail themselves of remedies which if resorted to would have prevented the casualty or misfortune asserted.''

Since no ground recognizable by the practice statutes was presented by the petition for a new trial, the ruling of the court in this case was also correct.

Wherefore, the judgments in both cases are affirmed.