# Palmer v. Palmer.

Oct. 12, 1943.

Joe S. Garman and L. B. Jones for appellant.

G. D. Milliken for appellee.

Opinion of the Court by Chief Justice Fulton—
Reversing.

On August 4, 1941, this action was submitted in vacation by agreement of parties and judgment was rendered by which the appellant was awarded a divorce and certain property rights of the parties were fixed.

On August 30, 1941, in vacation, the appellee filed in the clerk's office a motion to modify the judgment and this motion was filed of record on September 1, 1941, the first day of the September term. In support of the motion an affidavit and statement were filed which were somewhat in the nature of additional evidence and somewhat explanatory of evidence heard on the trial. On September 27, 1942, a supplemental judgment was rendered, explaining the former judgment and modifying it adversely to the appellant to the extent of $600. The appellant objected to the modification and upon the objection being overruled excepted and was granted an appeal, which is the appeal now before us.

Clearly, the court was in error in modifying the judgment. Section 964b-1 of Carroll's Ky. Statutes, now KRS 23.150, was originally construed in Center's Guardian v. Center, 244 Ky. 502, 51 S. W. (2d) 460, to give the court control of a judgment entered in

vacation at the next regular term but in Estes v. Woodford, 246 Ky. 485, 55 S. W. (2d) 396, the former case was overruled and it was held that the sitting of a court in vacation was the equivalent of a special term and the judgment could not be vacated or modified during the subsequent regular term. The latter case has been consistently followed. Clark County Nat. Bank v. Rowan County Board of Education et al., 262 Ky. 153, 89 S. W. (2d) 638; Hurd v. Laurel County Board of Education et al., 267 Ky. 730, 103 S. W. (2d) 277. In the latter case it was held that where trial was had and judgment entered out of term time and no time was granted for further motions or orders the court was without power to set aside the judgment.

The appellee argues that the Warren Circuit Court is one of continuous session which has power to set aside or modify its judgments after the expiration of 60 days, where motion was made before the expiration of 60 days as was done here. An all sufficient answer to this argument is that the Warren Circuit Court is not one of continuous session but is a term court. Carroll's Ky. Statutes, section 965-8, KRS 23.050(8).

Finally it is contended by the appellee that since the appellant is claiming that the supplemental judgment, or modification, from which the appeal is taken is void, the appeal should be dismissed because no motion to set aside such void judgment was made.

If the modification of the judgment was void, then it was essential as a foundation of this appeal that a motion to set it aside be made in the circuit court. Civil Code of Practice, sec. 763; Stevens v. Young, 180 Ky. 154, 202 S. W. 481; Lowther v. Moss, 239 Ky. 290, 39 S. W. (2d) 501.

But, without deciding the question whether the mere showing in the record that the appellant objected and excepted to the court's action in modifying the judgment without showing the particular reason for the objection operated to dispense with the necessity of moving to set aside the judgment, we are of the opinion that the modification was not void but merely erroneous and, therefore, that there was no necessity for a motion to set it aside. The court had jurisdiction of the subject matter and the person of the appellant and also had authority to set aside or modify the judgment at the

time it did so if the proper procedure had been observed. In such circumstances a judgment is not void but merely erroneous. Lowther v. Moss, supra.

There can be no doubt that the court had power to set aside or modify the judgment at the time it did so if proper procedure had been observed. Sections 344 and 518 of the Civil Code of Practice confer this power and, under ordinary rules of procedure, the court would have had power to rule on such a motion at the time the judgment was modified if a motion to set aside or modify the judgment had been filed on the day of its rendition. We conclude that the attempted modification was merely erroneous and not void and that motion to set it aside was not a prerequisite to appeal.

Judgment reversed with directions for further proceedings consistent with this opinion.