## Montague v. Collins.
## Heird et al. v. Same.

Dec. 3, 1943.

Marshall A. Dawson, Robert M. Odear and Rodman W. Keenon for appellants.

Colvin Rouse for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The first of the above captioned appeals is from a judgment in a quo warranto proceeding instituted by the appellee, Roy Collins, against the appellant, Howard Montague, to oust the latter from the office of member of the Board of Education of Woodford County, Educational District, No. 3; and the second of the appeals is from a judgment in an equitable action instituted by the appellee, Collins, for a declaration of rights quieting his title to the office, and for an injunction compelling the appellants, the County School Superintendent and the members of the Board, to recognize appellee as a member and withhold recognition from the appellant, Montague.

According to the certificate of the County Election Commissioners issued to him on November 4, 1942, appellee had received at the election held on the preceding day eighty-three votes and the appellant, Montague, sixteen votes. Montague was the incumbent, and conceiving that the appellee had obtained by fraudulent practice a majority of the votes cast in the election refused to surrender the office. The Board, supporting Montague in his contention, refused to recognize the election as valid, and, as a result, the two actions referred to were instituted by the appellee on February 10, 1943.

In view of our conclusions, it is unnecessary to describe the pleadings further than to say that the defenses presented, and urged on appeal, were a denial that appellee had been elected; that unnamed persons not entitled to vote, voted in the election; that the appellee was one of the election officers and caused to be circulated a statement to the effect that Montague, who had been nominated by petition and whose name was printed on the ballot, did not want the office and had requested the voters to vote for appellee; and that appellee's name was written on the ballots by appellee and persons other than the voters. In addition to denying these charges, the appellee, in seeking to avoid their effect, pleaded, among other things, that he received a plurality of the votes cast at the election and had been awarded a certificate of election by the Election Commissioners on November 4, 1942; that he had qualified

for the office by taking the oath as required by law, and in all other respects; and that Montague had not raised the questions pertaining to the regularity of appellee's election except by his answer filed on March 4, 1943, and that his right to attack the regularity of the election and raise the aforesaid questions was barred by the provisions of KRS 122.070 prescribing that a contest of the election of any state, county, or district officer, except governor, lieutenant governor, and member of the general assembly, must be initiated by the filing of a petition and the issuance of process thereon within thirty days after the day of the election.

The evidence introduced was limited by the Court to that bearing upon whether or not appellee possessed, as he had alleged in his petition, the educational qualifications required by statute of a board member; and on March 25, 1943, in vacation, the Court entered a judgment awarding appellee the relief sought. The judgment also directed the consolidation of the two actions; and overruled various dilatory motions and demurrers of the appellant, Montague, made sometime previously, that the Clerk of the County Court produce the ballots and stub books for examination, and that he be allowed to introduce evidence to show that the appellee did not receive a plurality or majority of the legal votes cast at the election.

The record is poorly prepared, and it has been difficult for us to determine the exact order in which the various steps were taken. The absence of responsive pleadings in the equitable action, as well as statements of counsel in brief, would seem to indicate that that proceeding was regarded by the parties as a mere adjunct to the common law action, to be determined by the results of the latter. But, however this may be, it seems to us obvious from the decisions of this Court and the statute cited that having failed to contest the election within the prescribed period of thirty days, or to allege any facts which would have rendered the election void, the appellants were precluded from questioning the fact· that the appellee had received a majority of the votes cast as certified by the Election Commissioners. The utmost effect that can be given to the opinion in the case of Hermann v. Lampe, 175 Ky. 109, 194 S. W. 122, relied on by appellants, is that an election certificate does not preclude an inquiry into the eligibility of the

successful candidate for the office sought to be recovered by him, nor irrevocably establish the legality of an election which was, in fact, void. There remains to be considered, therefore, only two of appellants' contentions, namely, that appellee failed to show that he possessed the statutory educational qualifications for the office and that the Court erred in overruling a motion made by the appellant, Montague, for a jury trial in the ordinary action.

From the captions on the transcripts of evidence filed in the record, it would appear that the testimony of the appellee and his witnesses was given in the common law action, and that of the appellants, in both the common law and the equitable action. As before stated, the testimony was limited to the question, whether appellee possessed the necessary educational qualifications. If we should concede that the equitable action was maintainable (Saylor v. Rockcastle County Board of Education et al., 286 Ky. 63, 149 S. W. (2d) 770) and that all the testimony was heard therein, we could not say that we had more than a doubt as to the correctness of the Chancellor's finding that appellee did establish that he possessed the requisite qualifications.

If we should hold that the testimony was offered and given in the common law action, and hence that, not having waived a jury trial, the appellant, Montague, under the provisions of Section 312, Civil Code of Practice, was entitled to have the testimony weighed and appellee's educational qualifications passed upon by a jury, it would not entitle Montague to a reversal, since he failed to tender his motion and grounds for a new trial (which the Court refused to allow to be filed) until May 8, 1943. As before stated, the judgment was rendered during vacation, and neither the judgment nor any order of the Court extended the time in which a motion for a new trial might be filed. Accordingly, the Court lost control of the judgment at the close of the day on which it was entered, and was thereafter without jurisdiction to entertain a motion for a new trial. Hurd v. Laurel County Board of Education et al., 267 Ky. 730, 103 S. W. (2d) 277; Palmer v. Palmer, 295 Ky. 401, 174 S. W. (2d) 711.

Judgment affirmed.