**PATTISSON et al. v. HENSON.**

Court of Appeals of Kentucky.

June 12, 1951.

T. T. Burchell, Manchester, for appellant.

Roy W. House, J. D. White, Manchester, for appellee.

LATIMER, Justice.

This action grew out of a former action in the Clay Circuit Court styled Elmer C. Coleman v. John Pattisson, wherein Coleman sought to collect funds he claimed to be owing him from the partnership. It appears that Coleman and appellants herein had formed a partnership doing business under the name of Sky Airport and Sky Machinery. That cause was referred to the Master Commissioner for a

hearing and finding of facts and report. The court directed the entry of judgment in conformity with the report of the Master Commissioner.

Apparently the original judgment and an amended and substituted judgment were entered out of term time and without notice. These were set aside at the next regular term of Court, the cause resubmitted and another judgment entered.

This action was brought by appellants, John and Paul Pattisson, alleging that the last judgment was void and seeking to enjoin the Master Commissioner from enforcing same.

The cause was submitted on motion of plaintiffs for a permanent injunction. The court overruled the motion and dissolved the temporary restraining order theretofore granted by the clerk. The order of the court contains a fair statement of what took place. We incorporate herein a portion of same: "* * * being advised finds that the judgment sought to be enjoined by plaintiffs was entered at the regular May, 1950, term of this court; that prior thereto and at the February, 1950, term of this court an order had been entered confirming the Commissioner's report filed herein with some minor exceptions thereto, and that during the regular March, 1950, term of the Jackson Circuit Court a judgment prepared by plaintiffs' counsel was presented to the Court at McKee, which was signed by the Judge of the Court and entered as of the last day of the February term, 1950, of the Clay Circuit Court, and which judgment was rendered and entered out of term time without notice to or agreement of the parties and was later found to be erroneous. Said judgment is filed as exhibit "B" with plaintiffs' petition herein for injunctive relief. After it was discovered that said judgment rendered at McKee and out of term time was erroneous in some several particulars and on the 1st day of April, 1950, an amended and substituted opinion and judgment, was entered out of term time and without notice or agreement of the parties. The plaintiffs moved to set aside the amended and substituted opinion

and judgment and the defendants moved to set aside the original judgment rendered at McKee and during the pendency of the regular March, 1950, term thereof and out of term time without notice to or agreement of the parties, although entered on the last days orders of the February, 1950, term of the Clay Circuit Court. On said motions each and both of said judgments entered out of term time were set aside and the case resubmitted to the Court for opinion and judgment and the judgment sought to be enjoined herein was rendered after said judgments had each and both been set aside, and said cause resubmitted to the Court, and the judgment sought to be enjoined by plaintiffs was entered at the regular May, 1950, term of the Clay Circuit Court and is as the court thinks valid, and supersedes each and both of said judgments which were set aside as aforesaid, and for these reasons plaintiffs' motion to grant a permanent injunction is now overruled to which ruling of the Court the plaintiffs object and except, and defendants' motion to dissolve, set aside and hold for naught the temporary restraining order issued by the clerk is sustained."

It is apparently the position of appellants that the original judgment as filed was proper and regular even though endorsed for entry by the judge after the term had closed. It is pointed out that it had been the custom through the years for the judge to return to the court and sign the orders at a later time; that this was the intention of all the parties here as the court, while in session, had directed the preparation of the judgment in conformity with the Master Commissioner's report.

It is insisted that since the original judgment was valid the subsequent judgments were void and of no effect because, after the adjournment of the term in which the original judgment was rendered, the court was without jurisdiction to set it aside except pursuant to section 518 Civil Code of Practice.

We do not wish to appear technical in the matter. There would be merit in what appellants say had the judge, while the

court was in session, endorsed the judgment and ordered same filed. Such is not the situation here. The judgment may have been prepared in term time but it was not endorsed by the judge for entry until after term time.

We deem it unnecessary to enter into an elaborate or extended discussion of the contentions of the parties relative to the judgments in view of the fact that this cause was continued on the docket for further orders. There would be merit in appellants' contentions were this an action where the jurisdiction of the cause had been so exhausted as to give finality to the judgment and the door closed in the matter, but such is not the case. This cause was continued for future orders.

■ An indirect approach to this question may be found in Palmer v. Palmer, 295 Ky. 401, 174 S.W.2d 711; Clark County Nat. Bank v. Rowan County Board of Education, 262 Ky. 153, 89 S.W.2d 638, wherein it was held that where a trial has been had and judgment has been entered out of term time and no time has been granted for further motions or orders, the court is without power to set aside the judgment.

Directly if the judgment had been entered in term time but the cause continued as here, the rule is that: "The court may recall an order of sale issued under a decree in a case still on the docket in term time, may set aside an appraisement made thereunder, and, in the exercise of its authority over a sale of property in the control of the court, has discretionary power to modify all orders affecting such sale, by subsequent orders." See 50 C.J.S., Judicial Sales, § 8, page 582; Mann Brothers v. Ball, 230 Ky. 129, 18 S.W.2d 946.

■ Thus, whether the final judgment as entered be a new judgment or a modification of the former judgment is immaterial. The court yet had jurisdiction of the matter. There was no such finality here as closed the door for further motions or orders.

The judgment is affirmed.