# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

# Supreme Court of Kentucky

2021-SC-0509-MR

ROY LUKE SUTHERLAND, JR.                                        APPELLANT

V.
ON APPEAL FROM JEFFERSON CIRCUIT COURT
HONORABLE A. C. MCKAY CHAUVIN, JUDGE
NO. 79-CR-001351

COMMONWEALTH OF KENTUCKY                                        APPELLEE

## OPINION AND ORDER

Roy Luke Sutherland, Jr., appeals from an amended judgment

resentencing him in accordance with the Court of Appeals' instruction.

Because the appeal is not properly before this Court, it is dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

In late 1979, Sutherland was indicted by a Jefferson County grand jury on charges of murder and first-degree rape.  He eventually entered an "open plea" of guilty to the charges with the understanding that the plea agreement sparing him the death penalty was not binding on the court.  On November 30, 1981, the trial court sentenced Sutherland to life in prison for murder and 40 years in prison for first-degree rape.  The court ordered the sentences to run consecutively.[1]

In the years that followed, Sutherland filed a number of unsuccessful CR 60.02 motions.  Another such motion was filed on October 4, 2017.  Sutherland argued in that motion that his 1981

---

[1] *Sutherland v. Commonwealth*, 2019-CA-000752-MR, 2020 WL 598305, at *1 (Ky. App. Feb. 7, 2020).  We adopt a portion of the Court of Appeals' concise statement of facts.

sentence was illegal since a sentence to a term of years cannot run consecutive to a life sentence. The court denied the motion [and Sutherland appealed to the Court of Appeals]. [The Court of Appeals] remanded the case to the trial court[2] for consideration of Sutherland's CR 60.02 motion under [recently decided] *Phon v. Commonwealth*, 545 S.W.3d 284 (Ky. 2018).[3]

On remand, the trial court again denied Sutherland's motion. Sutherland's pro se appeal followed. The Court of Appeals determined that Sutherland's sentence was illegal and remanded the case to the trial court for resentencing. The trial court was directed to enter an amended sentence of life in prison on the murder charge and 40 years in prison on the rape charge, to run concurrently.[4]

The Court of Appeals also considered Sutherland's illegal plea agreement argument. Sutherland argued, relying on *United States v. Jackson*, 390 U.S. 570 (1968), that the plea agreement itself was void *ab initio* and illegal because he was still subject to the death penalty when he entered his guilty pleas. The Court of Appeals concluded that the facts in *Jackson* were distinguishable from Sutherland's case; here, Sutherland was not coerced or enticed to enter a guilty plea to avoid the death penalty. The Court of Appeals emphasized the fact that Sutherland entered an "open plea" and could have received the death penalty.

---

[2] *Sutherland v. Commonwealth*, No. 2017-CA-001885, 2019 WL 258126 (Ky. App. Jan. 18, 2019) (unpublished).

[3] *Sutherland*, 2020 WL 598305, at *1.

[4] *Id.* at *1-2.

2

The Court of Appeals also rejected Sutherland's argument that the illegal sentence he received in 1981 voids his conviction of the offenses.[5]

On remand, the circuit court entered the amended judgment as directed by the Court of Appeals in *Sutherland v. Commonwealth*, 2019-CA-000752-MR, 2020 WL 598305 (Ky. App. Feb. 7, 2020). Sutherland now appeals to this Court from the amended judgment entered March 30, 2021.

## ANALYSIS

Sutherland complains that the trial court abused its discretion by refusing to void *ab initio* both the contractual plea agreement based upon the illegal sentence and the resulting judgment of conviction. Citing *McClanahan v. Commonwealth*,[6] Sutherland argues that because his plea agreement involved an illegal sentence, the whole agreement is void. Citing *Jackson*, Sutherland argues that because he negotiated the plea agreement while the death penalty was still a possible punishment in his case, the plea agreement and conviction are void.

The Commonwealth responds that Sutherland is appealing from the amended judgment, thus proceeding as if he were prosecuting his direct appeal of right following his convictions 30-plus years ago, and that the remand by the Court of Appeals for a sentence correction did not invest any right of appeal to this Court on his underlying convictions. The Commonwealth also asserts that because Sutherland is bringing the same claims of error decided and rejected

---

[5] *Id.* at *2-3.

[6] 308 S.W.3d 694 (Ky. 2010).

3

on their merits by the now final Court of Appeals' opinion, the two claims are barred by the law of the case doctrine.

In reply, Sutherland asserts that he is afforded the right to appeal to this Court by Section 110(2)(b) of the Kentucky Constitution. He cites *Pattison v. Henson*, 240 S.W.2d 619 (Ky. 1951), in support of the argument that the constitutional right to appeal applies equally to an amended judgment. However, *Pattison* is inapposite here. *Pattison* is a civil case addressing whether the circuit court had lost jurisdiction to amend an erroneous judgment.

*Williamson v. Commonwealth*[7] is an on-point criminal case, explaining the procedure to be followed when an appellate court issues a decision only partially in favor of the litigant and the litigant wishes to challenge the unfavorable decision. In *Williamson*, like here, the Court of Appeals granted partial relief to the appellant and it wasn't until after the trial court implemented the Court of Appeals' order that the appellant sought relief from the Kentucky Supreme Court.[8] Before addressing the merits of the appeal, the Court considered whether the law of the case doctrine precluded consideration of the appellant's claim.[9]

The Court explained the appellate procedure which likewise applies in this case:

---

[7] 767 S.W.2d 323 (Ky. 1989).

[8] *Id.* at 324-25.

[9] *Id.*

It is fundamental that when an issue is finally determined by an appellate court, the trial court must comply with such determination. The court to which the case is remanded is without power to entertain objections or make modifications in the appellate court decision. *City of Lexington v. Garner*, Ky., 329 S.W.2d 54 (1959) and *E'town Shopping Center, Inc., v. Holbert*, Ky., 452 S.W.2d 396 (1970).

It necessarily follows, therefore, that if a party is aggrieved by an adverse appellate determination, his remedy is in an appellate court at the time the adverse decision is rendered. This is so because an objection in the trial court is futile and an appeal from the trial court's implementation of the appellate determination is nothing more than an attempt to relitigate an issue previously decided.

. . . .

For litigation to proceed in an orderly manner and finally settle the rights of the parties, it is necessary for parties to timely assert the rights they claim to a court with power to grant the relief sought. *Martin v. Frasure*, [352 S.W.2d 817, 818 (Ky. 1962)]. One cannot accept the benefits of that portion of an opinion which is favorable and later relitigate that portion which is not. Upon receipt of an appellate court opinion, a party must determine whether he objects to any part of it and if he does, petition for rehearing or modification or move for discretionary review. Upon failure to take such procedural steps, a party will thereafter be bound by the entire opinion.[10]

In the case at bar, the Court of Appeals granted Sutherland relief from his illegal sentence in accordance with *McClanahan* and *Phon*.[11] The Court of Appeals, however, denied Sutherland relief from conviction under either *McClanahan* or *Jackson*. As noted above, Sutherland's instant appeal to this

---

[10] *Id*. at 325-26.

[11] *McClanahan*, 308 S.W.3d at 701; *Phon v. Commonwealth*, 545 S.W.3d 284, 302 (Ky. 2018).

Court seeks relief on the issues which were not decided in his favor by the Court of Appeals.

Under our appellate procedure, once Sutherland received the adverse decisions, he was required to seek further relief in either the Court of Appeals or in this Court or have the Court of Appeals opinion become the law of the case. "A final decision of [the Court of Appeals], whether right or wrong, is the law of the case and is conclusive of the questions therein resolved. . . . It may not be reconsidered by prosecuting an appeal from a judgment entered in conformity therewith."[12] Sutherland did not petition the Court of Appeals for rehearing or modification of its opinion, nor did he move the Kentucky Supreme Court for discretionary review. The Court of Appeals' opinion became final March 18, 2020. Sutherland cannot use the amended judgment to relitigate the issues decided by the Court of Appeals.

## ORDER

Sutherland's appeal from the amended judgment is not properly before this Court. Sutherland's appeal is dismissed.

VanMeter, C.J.; Bisig, Conley, Keller, Lambert, and Nickell, JJ. sitting. All concur. Thompson, J. not sitting.

ENTERED: March 23, 2023.

_____
CHIEF JUSTICE

---

[12] *Martin*, 352 S.W.2d at 818 (citations omitted).

6